411 A.2d 762

**COMMONWEALTH of Pennsylvania**

v.

**John COOPER, Appellant.**

Superior Court of Pennsylvania.

Argued July 24, 1979.

Filed Oct. 5, 1979.

366

C. George Milner, Philadelphia, for appellant.

Paul S. Diamond, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

HONEYMAN, Judge:

A jury convicted appellant of murder in the first degree, possession of an instrument of crime and unlawful possession of a controlled substance. After post trial motions were refused, he was sentenced to life imprisonment on the murder conviction and two concurrent sentences of 2½ years to 5 years on the other offenses. Appeals were taken from these judgments of sentence.

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania and Judge ROBERT W. HONEYMAN of the Court of Common Pleas of Montgomery County, Pennsylvania are sitting by designation.

On July 10, 1976, appellant and the decedent, James Robinson, met on a street in Philadelphia late in the evening. The two exchanged angry words and agreed to fight in a nearby vacant lot. Appellant was nursing a grievance from a previous altercation with decedent's brother. They left their respective companions and went around the corner to their chosen battleground. The fight ensued, following which appellant was observed by the decedent's brother departing the fight scene alone and he was holding a small object with his hand cupped around it for concealment. Decedent was found lying face down and gagging. He died shortly thereafter. Autopsy showed that he had been struck from behind by two bullets, one of which passed through his lungs and heart. The police traced appellant to his apartment at 5:55 a. m. the next morning and they gained entry by having a Housing Authority guard open the door for them. The police officers found the appellant in a bedroom in the act of dropping a camera case wrapped in a white towel out of the window. From the ground below, the police recovered parts of a shotgun, the camera case and a towel. Inside the camera case they found 322 glassine envelopes containing a white powder, and two hand guns. By subsequent laboratory tests the white powder proved to be heroin. One of the handguns, a 32 caliber 7 chamber Burgo revolver with two empty chambers, was determined to have been recently fired in the opinion of a ballistics expert. A bullet subsequently test-fired from that weapon ballistically matched the slugs taken from decedent's chest.

The first issue raised by appellant concerns the refusal of the suppression judge to act favorably upon appellant's suppression motion concerning the items found below his bedroom window. Appellant's main thrust in his suppression motion was that the police lacked probable cause to make a warrantless arrest and that the seizure of the items was tainted thereby. The suppression judge found there was probable cause for the warrantless arrest of appellant for murder in his dwelling and that the evidence seized as a consequence thereof was admissible because it was concomi-

tant with a lawful arrest. Furthermore, it was properly seized under the "plain view" doctrine as most recently enunciated in *Com. v. Harris*, 479 Pa. 131, 387 A.2d 869 (1978). Now appellant contends that the evidence should not have been seized because of the failure on the part of the police to obtain both a body warrant and a search warrant. This belated contention appears to be devoid of merit. However, we need not make that determination, because appellant did not raise the issue concerning the lack of warrant either in his suppression motion or in his post trial motions. Therefore, this issue has been waived under the holding in *Com. v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975) and *Com. v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

■ Next, the appellant asserts error by the trial judge in overruling objections in three areas of the testimony of the forensic pathologist who performed the autopsy on decedent's body. The first was with respect to the witness' opinion as to the path of the bullet through the body; the second was to his comments about the facial contusions and abrasions upon the decedent and his opinion that same were consistent with the decedent having fallen on his face; and the third was to the witness' opinions concerning the proximity of the muzzle of the murder weapon to the body of the decedent at the time of firing. No question whatsoever was raised concerning the qualifications of the forensic pathologist. The three areas of his testimony about which complaint is made clearly fall within the recognized and acceptable parameters of his expertise, and so there is no substance to these complaints. See *Com. v. Gonzales*, 463 Pa. 597, 345 A.2d 691 (1975) and *Com. v. Daniels*, 480 Pa. 340, 390 A.2d 172 (1978).

■ In taking the testimony of the ballistics expert as a witness, appellant says it was error for the trial judge to permit him to testify that the configuration of the murder weapon was not "normal". Actually, he testified that a "normal" revolver barrel has five or six "lands" and "grooves", whereas the subject revolver had ten of them. This was clearly competent evidence in an effort by the Commonwealth to show the distinctiveness of characteristics

of firing a bullet from the alleged murder weapon and so well within the bounds of the witness' expertise. See *Com. v. Hoss*, 445 Pa. 98, 283 A.2d 58 (1971).

Finally, appellant attacks the trial judge's charge on three grounds, to each of which we will address ourselves.

Appellant questions the trial judge's decision not to comment upon the part of the ballistics evidence showing that a slug removed from decedent's body was dented in two places. In his summation to the jury, appellant's counsel had argued that such evidence signified that the bullet had ricochetted, giving rise to the theory that this could prove only murder in the third degree. We see no error in this omission. A trial judge is not compelled to comment upon nor review the accused's theory of the case. In *Hrivnak v. Perrone*, 472 Pa. 348, at page 354, 372 A.2d 730, at page 732 (1977), the Court said:

"The trial judge is charged with the responsibility of defining all pertinent questions of law and clarifying the issues to be resolved by the jury . . . This responsibility, however, does *not* cast him in the role of an advocate. . . ." (Emphasis supplied)

Next, the appellant complains about the refusal of the trial judge to include in his charge on circumstantial evidence, the following:

". . . if a piece of circumstantial evidence should in a juror's mind raise a reasonable doubt, then that juror would have to find the defendant not guilty of whatever the crime or level of crime it was that evidence raised the reasonable doubt about."

The trial judge had charged on circumstantial evidence in rather classic language, emphasizing the fact that the jury should consider the totality of the evidence, whether direct or circumstantial, in determining whether it was sufficient to establish guilt beyond a reasonable doubt. We believe the requested charge misstates the law, is confusing, and seeks to have the jury place undue emphasis upon one piece of evidence out of context with the rest of the evidence. The law of circumstantial evidence pertaining in this situa-

tion was succinctly stated in *Com. v. Petrisko*, 442 Pa. 575, at page 580, 275 A.2d 46, at page 49 (1970), wherein the Court said:

> ". . . However, it is not necessary that each piece of evidence be linked to the defendant beyond a reasonable doubt. It is only necessary that each piece of evidence include the defendant in the group who could be linked while excluding others, and that the combination of evidence link the defendant to the crime beyond a reasonable doubt. . . ."

We see no deficiency in the instructions to the jury with respect to circumstantial evidence.

Appellant asserts that it was error for the trial judge to refuse to charge the jury that expert opinion evidence was low grade. Expert testimony need only be so characterized if it is not based on personal observation and/or if it is rebutted by direct evidence. In this case, both the forensic pathologist and the ballistics witness testified from their own personal observations in the autopsy and in the examination of test-firing of the alleged murder weapon. There was no direct evidence seeking to rebut either one. Therefore there was no error in this regard. See *Com. v. Thomas*, 448 Pa. 42, 292 A.2d 352 (1972).

Judgments of sentence affirmed.