411 A.2d 490
COMMONWEALTH of Pennsylvania, Appellee,

v.

Delmar WASHINGTON, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 12, 1979.

Decided Dec. 21, 1979.

Reargument Denied March 10, 1980.

134

---

Walter M. Phillips, Jr., Philadelphia, for appellant.

Robert B. Lawler, Asst. Dist. Atty., Chief, Appeals Div., Victor M. Fortuno, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

136

EAGEN, Chief Justice.

These are appeals from the judgments of sentence imposed on Delmar Washington following his conviction by a jury on March 16, 1977, of murder of the first degree for a homicide committed in Philadelphia, and for possession of an instrument of crime generally.

■ Washington initially contends the criminal charges against him should have been dismissed in the trial court because he was not brought to trial within one hundred twenty days after his return to Pennsylvania from the State of Kansas under a detainer, pursuant to the Interstate Agreement on Detainers (Agreement on Detainers), Act of September 8, 1959, P.L. 829, No. 324, § 1, 19 P.S. §§ 1431 et seq.[1]

Washington was returned by the police to Pennsylvania from Kansas on October 26, 1976. His trial commenced in Philadelphia on March 2, 1977. However, on February 17, six days before the running of the one-hundred-twenty-day period, Washington consented to a continuance of the trial to February 28. On February 28, the trial was again delayed because Washington filed a motion to dismiss the charges for violation of art. IV(c) of the Agreement on Detainers. Argument on this motion was heard by the court on March 1 and denied the same day. The trial began the following day. Under such circumstances, we find no violation of art. IV(c) of the Agreement on Detainers.[2] The

1. This Agreement on Detainers was repealed on April 28, 1978, P.L. 202, No. 53 § 2(a) [1330], effective June 27, 1978, and re-enacted as part of the Judicial Code (at 42 Pa.C.S.A. §§ 9101 et seq., effective June 27, 1978) and was extant at all times relevant instantly.
    Article IV(c) of the Agreement provides:
    "In respect of any proceeding made possible by this article, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

2. It is also undisputed that, prior to February 28, 1977, Washington requested and was granted six different and separate requests for a

one-hundred-twenty-day period was tolled either by consent or Washington's own actions.[3]

While we agree the trial court correctly rejected the motion to dismiss, we are persuaded the trial court erred in not granting a new trial.

When Washington was taken into custody by Pennsylvania officers in Kansas, he was serving a term of imprisonment in Leavenworth Penitentiary on an unrelated criminal charge.

During the trial, the Commonwealth called as a witness an investigator employed by the district attorney's office who supervises the return of criminal defendants under the Agreement on Detainers. On direct examination, the following occurred:

"Q. Did you take any action regarding the file of Delmar Washington?

"A. Yes, I did.

"Q. Sir, did you make out extradition papers?

"A. Yes, I did.

"Q. To what location, sir?

"A. Can I check my notes?

"Q. Yes, sir.

"A. The United States Penitentiary, Levenworth [sic], Kansas."

A motion for a mistrial was denied. Later, during cross-examination in response to a question as to whether Washington had been given a court hearing in Kansas before his return to Pennsylvania, this witness said: "Sentenced prisoners do not have court hearings." A second motion for a

continuance of proceedings in this prosecution. Washington contends these requests were not "continuances" as that term is used in the Agreement on Detainers, since no trial date had then been fixed. Cf. *Commonwealth v. Gregg*, 470 Pa. 323, 268 A.2d 651 (1977). We need not reach this issue here.

3. Art. VI(a) of the Agreement on Detainers provides:
   "[T]he running of said time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter."

138

mistrial was then denied. Under the circumstances, a mistrial should have been declared.

■ The purpose of this witness's testimony was apparently to show that Washington had fled Philadelphia after the homicide here involved. However, the fact that he was serving a sentence in Leavenworth Penitentiary was of no concern and had no relevancy. It is established, beyond argument, that a testimonial reference indicating to the jury that the accused has been engaged in other criminal activity, denies the accused a fair trial and requires a retrial, except under well-defined and limited circumstances not here present. Cf. *Commonwealth v. Turner*, 454 Pa. 439, 311 A.2d 899 (1973). See also *Commonwealth v. Bonanno*, 216 Pa.Super. 201, 263 A.2d 913 (1970).

■ The Commonwealth urges that prejudice resulting from the challenged testimony could have been cured by cautionary instructions. Even granting this, no such instructions were given. Moreover, it is noteworthy that the witness was an employee of the district attorney's office supervising significant procedures; as such, it is a reasonable assumption that he should have known not to make such statements. The Commonwealth also urges that the testimony was harmless since the jury could have inferred Washington was in custody in Leavenworth Penitentiary on the present charges. One would be quite naive to subscribe to this argument. More importantly, in determining if the introduction of the challenged testimony constitutes reversible error, the controlling question is whether the jury could reasonably infer therefrom that the accused had engaged in other unrelated criminal activity. *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1973). We have no doubt this is such a case.

Judgments reversed and a new trial ordered.

MANDERINO, J., did not participate in the consideration or decision of this case.