465 A.2d 637

**COMMONWEALTH of Pennsylvania**

v.

**Harvey TABRON, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 18, 1983.

Decided Sept. 22, 1983.

156

Burton A. Rose, Philadelphia, (court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Robert Ciaffa, Asst. Dist. Atty., for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION

NIX, Justice.

This appeal arises from an incident which occurred on April 2, 1976 at which time Carmen Falanga was killed in the course of a robbery. Appellant was found guilty of murder of the second degree and two counts of robbery. He was sentenced to life imprisonment for the murder conviction and to two concurrent terms of 10–20 years on the robbery charges. Post-verdict motions were denied and no appeal was taken. Appellant filed a petition for relief under the Post Conviction Hearing Act.[1] An amended petition was filed and was subsequently denied. This appeal followed.

In this appeal, appellant claims that P.C.H.A. counsel and trial counsel were ineffective in failing to preserve the issue of the trial judge improperly refusing to instruct the jury on the "unreasonable belief"[2] aspect of voluntary manslaughter in addition to the "heat of passion" aspect.

 The test for evaluating a claim of ineffective assistance of counsel is whether the record supports a conclusion that the particular course chosen by counsel had some reasonable basis designed to effectuate his clients' interest. In making this assessment, we are not to employ a hindsight evaluation to determine whether there was a reasonable basis for the course of action actually selected. *Commonwealth v. Musi*, 486 Pa. 102, 404 A.2d 378 (1979); *Commonwealth v. Hosack*, 485 Pa. 128, 401 A.2d 327 (1979); *Commonwealth v. Weathers El*, 485 Pa. 28, 400 A.2d 1295 (1979);

1. Post Conviction Hearing Act, Act of Jan. 25, 1966, 1580, § 1, 19 P.S. § 1180–1 et seq. reenacted as Act of May 13, 1982, No. 122, § 2, 42 Pa.C.S.A. § 9541 *et seq.*

2. Section 2503(b) provides:
 (b) Unreasonable belief killing justifiable.—A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under Chapter 5 of this title, but his belief is unreasonable.
 Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 2503(b).

*Commonwealth v. Treftz,* 485 Pa. 297, 401 A.2d 1325 (1979); *Commonwealth v. Williams,* 485 Pa. 137, 401 A.2d 331 (1979). *Commonwealth ex rel. Washington, v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Counsel will not be deemed ineffective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest. *Commonwealth v. Musi, supra; Commonwealth v. Sherard,* 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth ex rel. Washington v. Maroney, supra.*

■ Trial counsel testified and the record supports him that after reviewing the case against his client he concluded that the Commonwealth's case could well support a verdict of first degree murder. The Commonwealth was in fact seeking the penalty of death for the crime charged. Trial counsel explained the situation to appellant and with appellant's agreement set out from the outset to attempt to reduce the degree of homicide to that of second degree murder.

This robbery-murder occurred as appellant who was armed with a .22 caliber pistol and a companion attempted to rob the victim, an insurance agent. The victim was shot twice and died as a result of the wounds. The Commonwealth had evidence that appellant and his companion had earlier the same day robbed another victim in the same general area. Their *modus operandi* was for appellant's companion to choke the victim with a Chinese choker chain while appellant would reach into the pockets of the victim to remove any articles of value.

The Commonwealth's evidence contained a signed written confession admitting the circumstances of the killing and the fact that appellant had earlier agreed pursuant to a plea bargaining negotiation, which was never consummated, to testify against his companion, and as part of his testimony to admit his own complicity. In view of the impressiveness of the Commonwealth's case, trial counsel's strategy to direct the efforts at reducing the grade of homicide from

first to second degree was certainly well advised in the best interest of his client. Moreover, it cannot be ignored that trial counsel was successful in accomplishing his intended purpose.

The argument of ineffectiveness instantly raised is predicated upon the existence of certain case law which suggested that a defendant had the right if requested to have the "unreasonable belief" theory of voluntary manslaughter explained to the jury irrespective of whether the evidence supported the finding. *Commonwealth v. Schaller,* 493 Pa. 426, 426 A.2d 1090 (1981); *Commonwealth v. Manning,* 477 Pa. 495, 384 A.2d 1197 (1978); *Commonwealth v. Jones,* 457 Pa. 563, 319 A.2d 142, *cert. denied* 419 U.S. 1000, 95 S.Ct. 316, 42 L.Ed.2d 274 (1974); *but see Commonwealth v. Carter,* 502 Pa. 433, 466 A.2d 1328 (1983).

In this case the jury was in fact given voluntary manslaughter as one of the alternative verdicts. However, counsel did not preserve the exception to the trial judge's refusal of the additional explanation under section 2503(b). The fact that the defendant may have been entitled to such a charge under the law at that time does not in this case suggest a dereliction on the part of trial counsel. It is obvious that such a charge was totally unrelated to the theory of the defense and therefore pursuing that particular objection would have in no way furthered the objectives sought to be achieved by the defense.

It is clear from the record this assertion of ineffectiveness is totally without merit and does not warrant the relief requested.

■ Next, appellant claims that he was deprived of a fair trial because of improper remarks contained in the prosecutor's closing address to the jury and that trial counsel was ineffective in failing to preserve this claim. This issue was raised in appellant's P.C.H.A. petition. The prosecutor addressed the jury as follows:

Law and order, ladies and gentlemen, is only as strong as that chain, it is only as strong as its weakest link. I,

the District Attorney, have laid all the evidence in front of you. The police have gone out and investigated this case, and they have come up with this evidence. But you, ladies and gentlemen, are the last link in this chain, because you will decide what this Defendant is guilty of and it is only your decision that is going to be heard out in the streets in Philadelphia. You are the people, and you are the ones that determine if this is going to keep going on. All of you live in different neighborhoods in different parts of the City.

I am sure you remember back, years ago, when in every neighborhood you could find a corner grocery store, a corner drugstore. Today, you can't and you all know why. At this point, trial counsel objected and was overruled. The prosecutor continued, "because it's only you that will determine the future of what's going to happen to this City ..." Trial counsel immediately moved for a mistrial claiming these comments improperly appealed to the jury's emotions.

It is well settled that comments by the district attorney do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict. *Commonwealth v. Gwaltney,* 497 Pa. 505, 442 A.2d 236 (1982); *Commonwealth v. Stoltzfus,* 462 Pa. 43, 337 A.2d 873 (1975); *Commonwealth v. Simon,* 432 Pa. 386, 248 A.2d 289 (1968).

 In this case the prosecutor's remarks were designed to make the jury aware of the effect of its verdict on the community. It is legitimate to suggest within reasonable bounds the impact of the offenders behavior upon society as a whole. *See Commonwealth v. Gwaltney, supra; Commonwealth v. Nesbitt,* 276 Pa.Super. 1, 419 A.2d 64 (1980). The prosecutor's statement merely reflected considerations that the jury would undoubtedly have considered even absent the articulation of them by the prosecutor. It is true that we have frowned upon attempts to cause the jury to consider facts other than those raised in the particular case before it.

*Commonwealth v. Revty,* 448 Pa. 512, 295 A.2d 300 (1972); *Commonwealth v. Hoffman,* 439 Pa. 348, 266 A.2d 726 (1970); *Commonwealth v. Meyers,* 290 Pa. 573, 139 A. 374 (1927). However, fairness dictates that the prosecution must also have a degree of latitude in the exercise of advocacy in its position.

In view of the learned trial judge's wise cautionary remarks to the jury during his instruction, placing the argument of counsel in proper perspective, we cannot say that the instant argument was so inflammatory and prejudicial as to deny appellant a fair trial.

We therefore must conclude that this assertion of ineffectiveness is also without merit.

Accordingly, the order of the Court of Common Pleas is affirmed.

McDERMOTT, J., joins in this opinion and files a concurring opinion.

ROBERTS, C.J., concurs in the result.

McDERMOTT, Justice, concurring.

The appellant here was charged with a felony murder. The "modus operandi", of which "was for appellant's companion to choke the victim with a Chinese choker chain while appellant would reach into the pockets of the victim to remove any articles of value".

Upon such evidence, a charge of voluntary manslaughter in any form is an affront to common sense and the truth determining process. Either the defendant is guilty of murder or he is not. To allow a jury to toy with any other definition upon such allegations is a disservice to both the defendant and the Commonwealth. A conviction of less than the crime charged based on the "passion" and "provocation" of voluntary manslaughter ought to be a compromise unacceptable to any of the parties. I would compel a charge of voluntary manslaughter only when the alleged facts argue its possibility. *See, Commonwealth v. Carter,* 502 Pa. 433, 466 A.2d 1328 (1983).

By its definition, voluntary manslaughter is essentially an admission of the act of killing, justified by passion and provocation. It ought not be a substitute for an unproven charge of murder or "mercy".

Therefore, I join in the opinion of the majority that the trial court did not err in refusing to instruct the jury on voluntary manslaughter under 18 Pa.C.S.A. § 2503(b).