498 A.2d 423

**COMMONWEALTH of Pennsylvania**

v.

**Charles W. PIERCE, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 3, 1984.

Filed Sept. 6, 1985.

Jules Epstein, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, President Judge, and WICKERSHAM, BROSKY, CIRILLO, BECK, POPOVICH and HESTER, JJ.

WICKERSHAM, Judge:

This appeal is undertaken from judgment of sentence imposed after appellant was convicted by a jury and sentenced to serve a term of imprisonment of not less than four nor more than ten years for aggravated assault. At issue in this appeal is whether trial counsel was ineffective for introducing appellant's prior incarceration into testimony and for failing to object to the trial court's charge defining circumstantial evidence. Appellate counsel initially filed a Petition for Remission of the Record, but this court denied the petition and ordered counsel to submit a brief on the merits. On October 14, 1983, a panel of this court filed an opinion reversing and remanding for a new trial, based upon its finding that trial counsel was ineffective for introducing appellant's prior incarceration into testimony. On December 16, 1983, this court granted the Commonwealth's petition for *en banc* reargument limited to the issue of whether use of a harmless error standard is appropriate in the context of appellant's ineffectiveness of counsel claims.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court discussed the appropriate standard for analyzing ineffectiveness of counsel claims. In that case, the Court

separated the analysis of such a claim into two distinct components: the performance component and the prejudice component. The Court explained that

> [a] convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at ——, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

■ In dealing with ineffectiveness claims, Pennsylvania courts have historically applied a performance component similar to that espoused in *Strickland.* The standard for analyzing ineffectiveness of counsel claims in this Commonwealth was enunciated by our supreme court in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967) and its progeny. The analysis consists of the application of a two-pronged test. First, the reviewing court must determine whether the issue underlying a defendant's ineffectiveness claim is of arguable merit. Second, if the court finds that the claim has merit, the inquiry shifts to whether the course chosen by counsel had some reasonable basis aimed at promoting the defendant's interests. *Commonwealth v. Cooper,* 333 Pa.Super. 559, 482 A.2d 1014 (1984). *See also, e.g., Commonwealth v. Parker,* 503 Pa. 336, 469 A.2d 582 (1983); *Commonwealth v. Lesko,* 502 Pa. 511, 467 A.2d 307 (1983); *Commonwealth v. Tabron,* 502 Pa. 154, 465 A.2d 637 (1983); *Commonwealth v. Golson,* 310 Pa.Super. 532, 456 A.2d 1063 (1983).

This two-pronged test relates solely to the *performance* component set forth in *Strickland.* Prior to *Strickland,*

the courts of Pennsylvania had never explicitly articulated a *prejudice* component in analyzing ineffectiveness claims. That is, our courts had not specifically required that, beyond proving that his counsel was ineffective, a defendant must also prove that counsel's errors so prejudiced his defense that he was denied a fair trial. As noted in the plurality opinion in *Commonwealth v. Garvin*, 335 Pa.Super. 560, 485 A.2d 36 (1984), however, while our courts have not elucidated a prejudice component, such a requirement has been intimated in a number of cases. *Id.*, Opinion by Cirillo, J., 335 Pa.Superior Ct. at 563–564 n. 2, 485 A.2d at 37–38 n. 2.

It is with this common background of legal thought that *Commonwealth v. Garvin, supra,* and the instant case reached this *en banc* panel. In both cases we were asked to decide whether we will adopt a standard similar to that applied in *Strickland* by including a prejudice component in our analysis of ineffectiveness of counsel claims. While *Strickland* is, of course, binding as to the meaning to be given the sixth amendment's guarantee of the assistance of counsel, it does not control our interpretation of article 1, section 9 of the Pennsylvania Constitution. *Garvin, supra,* Concurring Opinion by Spaeth, P.J., 335 Pa.Superior Ct. at 568, 485 A.2d at 40. It is, however, instructive in analyzing the issue before us.

In *Commonwealth v. Garvin, supra,* a majority of this court agreed that it is proper to infuse a prejudice component or a "harmless error standard" into our analysis of "ineffectiveness claims." [1] *Garvin, supra* (Opinion by Cirillo, J., joined by Wickersham, J. and Hester, J.; and Concurring Opinion by Spaeth, P.J.). This majority was divided,

---

1. As explained by Judge Cirillo's plurality opinion, the Pennsylvania Supreme Court's decision in *Commonwealth v. Badger*, 482 Pa. 240, 393 A.2d 642 (1978), does not mandate a different result. In *Badger*, our supreme court rejected the use of a harmless error/prejudice standard at the *performance* stage of the analysis. The court held that it would be improper to employ a harmless error standard in analyzing whether the strategy chosen had some reasonable basis aimed at promoting the client's interest.

We agree with *Badger* that a reviewing court should not employ a prejudice standard when evaluating the effectiveness of counsel's *performance.* Clearly, counsel who ineffectively represents his client

however, concerning where the burden of establishing the prejudice element lies. The plurality would require that the defendant bear the burden of proving that counsel's ineffective representation so prejudiced his case that he was deprived of a fair trial. That is, "[a] finding that [the defendant] is entitled to a new trial cannot be made unless it can be concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized, resulting in prejudice to the defendant." *Garvin, supra,* Opinion by Cirillo, J., 335 Pa.Superior Ct. at 566, 485 A.2d 36, 39. President Judge Spaeth, however, believes that

> we should interpret article 1, section 9, of the Pennsylvania Constitution so that once the defendant in a criminal case shows that his counsel was not reasonably competent, he has established a denial of his right to the effective assistance of counsel, and *the burden then shifts to the Commonwealth* to prove beyond a reasonable doubt that counsel's incompetence was harmless because it had no effect on the outcome of the case.

*Garvin, supra,* Concurring Opinion by Spaeth, P.J., 335 Pa.Superior Ct. at 592, 485 A.2d 36, 52 (emphasis added).

In the instant case, we will follow the rule espoused in *Strickland* and adopted by Judge Cirillo. That is, after proving that his counsel was ineffective, the defendant must go on to establish that counsel's ineffectiveness so prejudiced his case that he was deprived of a fair trial.

should not be clothed with a mantle of "effectiveness" simply because the Commonwealth's evidence was so overwhelming that his client could not possibly have been prejudiced by his deficient performance. We agree that such a decision would be improper and we do not, by this opinion, permit that type of analysis. Rather, we find that if counsel has been found to be ineffective, then the court will apply a harmless error standard in order to determine the relief that should be granted to the client. Thus, the harmless error/prejudice component is applied independently of the analysis of counsel's performance. *See Commonwealth v. Garvin, supra,* Opinion by Cirillo, J., 335 Pa.Super. 560, 564–567, 485 A.2d at 38–39. The performance component supplies the standard to be applied in determining whether counsel's representation was effective; "[t]he prejudice component supplies the standard to be applied to the determination of the remedy to be afforded the [defendant] in a criminal case." *Id.,* 335 Pa.Superior Ct. at 565–566, 485 A.2d at 38–39.

With this two component standard in mind, we now turn to the allegations of ineffectiveness as set forth by appellant in the instant case. Appellant first avers that he was denied the effective assistance of counsel when his trial attorney introduced evidence of his prior criminal record.

■ The Commonwealth produced evidence at trial which revealed that on September 21, 1980, appellant, Charles Pierce, entered the hospital room of his former common law wife, Carmen Myers, who was recovering from a hysterectomy, and stabbed her in the chest. Saundra Dawson, a clerk at the hospital, testified that on the night in question, she heard yelling and turned to phone the security guards, and that a man whom she identified at trial as the appellant, walked past her in the hallway. Dawson's station was located in the middle of the hallway on the floor where the stabbing occurred. Subsequent to the stabbing, appellant was found on the roof of the hospital. He stated, "you got me," when discovered. Only the complainant, Mrs. Myers, testified to witnessing the actual stabbing.

Upon cross-examination of Mrs. Myers, appellant's trial counsel elicited the following testimony:

Q. Mrs. Myers, how long did Fred Myers live in your home with you and your husband? [2]

A. I don't recall.

Q. Approximately?

A. About four months. Three months.

Q. During that three or four months, during a portion of that time the defendant was incarcerated, is that correct?

A. Yes.

N.T. at 44–45.

Because trial counsel introduced testimony showing that appellant previously had been incarcerated, appellant argues that counsel was ineffective.

---

**2.** At that time, Mrs. Carmen Myers was the common law wife of Charles Pierce, appellant. Mr. Fred Myers was their house guest. Subsequent to this action, Mrs. Myers and Mr. Myers were married.

We begin our analysis with the performance component. As already stated, we apply the now familiar two-pronged test in order to evaluate the effectiveness of counsel's representation. First, the court must determine whether the issue underlying the charge is of arguable merit, and second, if the charge is of arguable merit, inquiry shifts to whether the course chosen by counsel had some reasonable basis aimed at promoting the client's interests. *Commonwealth v. Golson, supra.* In making this assessment, however, the court will not employ a hindsight evaluation to determine whether other alternatives may have been more reasonable, but will look to whether there was a reasonable basis for the course of action actually selected. *Commonwealth v. Musi,* 486 Pa. 102, 404 A.2d 378 (1979).

In the instant case, appellant's contention that trial counsel was ineffective is of arguable merit. "[T]he operative question [as to whether admission of evidence was error as a showing of prior criminal activity] is whether the jury could reasonably infer from the facts presented that the accused had engaged in prior criminal activity." *Commonwealth v. Groce,* 452 Pa. 15, 19–20, 303 A.2d 917, 919 (1973) (quotations omitted). From trial counsel's question, "... during a portion of that time the defendant was incarcerated, is that correct?," and complainant's answer, "yes," the jury could reasonably infer that the accused had engaged in prior criminal activity.[3] Thus, our analysis shifts to whether trial counsel had a reasonable basis for his actions.

There are, of course, instances in which introduction of appellant's prior record or prior incarceration may be an appropriate trial strategy. In *Commonwealth v. McNeil,* 497 Pa. 187, 439 A.2d 664 (1981), defense counsel sought to justify the defendant's flight from the state of Pennsylvania by noting mistreatment during prior incarceration in the

**3.** *See also, Commonwealth v. Washington,* 488 Pa. 133, 411 A.2d 490 (1979), where the court held "testimonial reference indicating to the jury that the accused has been engaged in other criminal activity, denies the accused a fair trial and requires a retrial, except under well-defined and limited circumstances ..." *Id.,* 488 Pa. at 138, 411 A.2d at 492.

state. Introduction of evidence of the defendant's prior conviction was necessary in order to rationalize his compulsion to flee. Similarly, in *Commonwealth v. Palmer*, 315 Pa.Super. 601, 462 A.2d 755 (1983), this court found that it was reasonable to allow the defendant to discuss his prior incarceration where the defendant testified that while in prison he had earned a graduate equivalency diploma, which gave him a motive not to risk his freedom for unprofitable robberies such as the one with which he was charged. *See also Commonwealth v. Carpenter*, 472 Pa. 510, 372 A.2d 806 (1977), in which our supreme court found that the defendant had made a tactical choice to reveal his incarceration.

Instantly, the Commonwealth avers that, similar to the above-mentioned cases, counsel's introduction of appellant's prior incarceration was based upon a reasonable trial strategy. The Commonwealth argues that defense counsel was faced with overwhelming evidence against his client and that counsel therefore attempted to create sympathy for appellant by showing that the complainant had grievously wronged him. During cross-examination of the complainant, counsel elicited that she and appellant had one child together, and that prior to the incident, appellant's friend Fred Myers was a house guest in the Pierce home for three or four months. During Myers' visit, defendant was incarcerated. Counsel therefore confronted the complainant with the fact that while appellant, against his will, was briefly away from home, the complainant allowed Fred Myers to remain in the house. It appears that counsel was attempting to establish the existence of an illicit relationship between the complainant and Fred Myers.[4] (Counsel later elicited testimony that the complainant had since married Myers). The Commonwealth alleges that "[o]nly by

---

4. Shortly after the introduction of appellant's prior incarceration into testimony by trial counsel, the trial judge sustained an objection to defense counsel's question asking Mrs. Myers if she had engaged in an illicit relationship with Fred Myers during the time when Charles Pierce was incarcerated. The trial judge ruled that the question was irrelevant.

admitting the actual reason for [appellant's] absence could trial counsel effectively discredit Mrs. Myers and impress the jury with the terrible wrong done to [appellant], a man unfortunately separated from his wife against his will." Brief for the Commonwealth on *En Banc* Reargument at 9. The Commonwealth would have us find that this was a reasonable tactic designed to create some sympathy for appellant and bias against the complainant.

While we agree that the foregoing explanation may indeed have been the purpose for counsel's actions, we do not believe that this tactic was *reasonable.* Apparently, trial counsel was attempting to establish that a sexual relationship existed between complainant and Fred Myers at the time of appellant's prior incarceration. This relationship, however, even if established, would not have justified appellant's assault on Mrs. Myers. Moreover, if established, this relationship would have given appellant a motive for assault which could only have worked in opposition to his interests.

In order to find that counsel was not ineffective, we must decide not only that counsel's actions were motivated by a particular trial strategy, but that the strategy chosen had some *reasonable* basis aimed at his client's interests. For example, in *Commonwealth v. Candia*, 286 Pa.Super. 282, 428 A.2d 993 (1981), this court held that questioning by trial counsel on direct examination as to defendant's previous crimes, for the purpose of causing the defendant to demonstrate his honest recollections of past criminal acts, and therefore to prove himself credible, constituted ineffective assistance of counsel. Although defense counsel had a purpose for his actions, the court found counsel's strategy "grossly inappropriate for the purposes he sought to achieve." *Id.*, 286 Pa.Superior Ct. at 288, 428 A.2d at 996. Similarly, in the instant case, we find counsel's strategy grossly inappropriate. Even assuming, as the Commonwealth suggests, that trial counsel was attempting to demonstrate appellant's absence from home, he could have done so without indicating that appellant was incarcerated at the time. Counsel had no reasonable basis for introducing

appellant's prior record into testimony. Thus, we find that counsel was ineffective when he informed the jury that appellant had been incarcerated.

In keeping with Judge Cirillo's plurality opinion in *Garvin,* however, appellant is not entitled to a new trial unless he can establish that counsel's ineffectiveness prejudiced his case. We do not believe that appellant has met this burden of proof.

The *Strickland* court discussed the standard to be used in assessing the prejudice caused by counsel's ineffective misrepresentation.

> The governing legal standard plays a critical role in defining the question to be asked in assessing the prejudice from counsel's errors. When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.
>
> . . . .
>
> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. at 2069, 80 L.Ed.2d at 698–99.

The Pennsylvania Supreme Court enunciated a similar approach to evaluating the prejudicial effect of error on a defendant's case in *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978).

This Court has stated that an error may be harmless where the properly admitted evidence of guilt is so overwhelming and the prejudicial effect of the error is so insignificant by comparison that it is clear beyond a reasonable doubt that the error could not have contributed to the verdict. *Commonwealth v. Davis*, 452 Pa. 171, 178–79, 305 A.2d 715, 719 (1973); accord, *Schneble v. Florida*, 405 U.S. 427, 430, 92 S.Ct. 1056, 1059, 31 L.Ed.2d 340 (1972). Under this approach, a reviewing court first determines whether the untainted evidence, considered independently of the tainted evidence, overwhelmingly establishes the defendant's guilt. If " 'honest, fair minded jurors might very well have brought in not guilty verdicts,' " an error cannot be harmless on the basis of overwhelming evidence. *Commonwealth v. Davis*, 452 Pa. at 181, 305 A.2d at 721, quoting *Chapman v. California*, 386 U.S. 18, 26, 87 S.Ct. 824, 829, 17 L.Ed.2d 705 (1967). Once the court determines that the evidence of guilt is overwhelming, it then decides if the error was so insignificant by comparison that it could not have contributed to the verdict.

*Id.*, 476 Pa. at 412–13, 383 A.2d at 166 (footnote omitted).

After making a comprehensive examination of the entire record, we conclude that the error in this case was harmless beyond a reasonable doubt. The uncontradicted, properly admitted evidence of appellant's guilt was overwhelming. As already stated, the Commonwealth produced evidence that appellant entered his former common law wife's hospital room and stabbed her in the chest. Saundra Dawson, a clerk at the hospital, testified that on the night in question, she heard yelling and turned to phone the security guards. At that time, a man, whom she identified at trial as appellant, walked past her in the hallway. She gave a brief description of appellant to the security personnel. Subsequent to the stabbing, appellant was found lying on the roof

of the hospital. Two officers testified that when he was apprehended, appellant stated, "you got me." The complainant identified appellant as the person who stabbed her.

We are of the opinion that this evidence overwhelmingly established appellant's guilt. Further, counsel's error in putting appellant's prior incarceration before the jury was so insignificant by comparison that the decision reached would not have been different absent the error. Thus we find that appellant has not met his burden of proving that counsel's ineffectiveness prejudiced his case. Counsel's error was harmless beyond a reasonable doubt.

■ Appellant's second issue is that he was denied the effective assistance of counsel because his trial counsel failed to object to the trial court's erroneous charge defining circumstantial evidence. Again, we begin our analysis of the performance component by applying the two-pronged test first enumerated in *Maroney*. Since we find that this allegation has no arguable merit, we need go no further in our analysis.

Appellant avers that when instructing the jury on the law of circumstantial evidence, the trial judge failed to include the requirement that circumstantial evidence be sufficient to prove the offense charged "beyond a reasonable doubt." Appellant pointed to the following portions of the charge as being error:

> Having one set of circumstances, you see, does your experience and common sense lead you to the conclusion that another fact which is at issue is also present?
>
> When circumstantial evidence is proof of another fact depends on the application of your common sense and experience. In deciding whether circumstantial evidence proves another fact at issue you must first be satisfied that the testimony constituting the basis for your inference is true and that the inference naturally and logically follows.

N.T. at 187–88.

> When you come to determine whether or not the actor or defendant in this case intentionally attempted, or did

inflict injury upon another, you must arrive at intent by the application of my instruction to you on circumstantial evidence. Having one set of circumstances can you reasonably conclude that the intent to do the act was with the actor?

N.T. at 196–97.

Appellant, however, fails to highlight other portions of the court's charge which clearly inform the jury of the requirement that the evidence prove the defendant's guilt beyond a reasonable doubt. For example, immediately after discussing circumstantial evidence and identification testimony, the trial judge stated:

After you have put together this entire picture, first assessing the credibility of witnesses and then putting the witnesses' testimony and single pieces of evidence of the entire case together and you have this picture, remember to look upon that picture in the prospective [sic] of these principles. A person who is accused of a crime is presumed to be innocent.... The presumption of innocence stays with the defendant throughout the course of the trial and remains unless and until each of you become convinced of his guilt beyond a reasonable doubt.

N.T. at 192–93.

The judge then went on to define "reasonable doubt" in some detail. Later in his instructions, the judge further explained:

Now, if upon review of the evidence in the light which I instructed you, you determine that these elements are present, that the defendant attempted, or did do injury to another with the intent of doing so, you are convinced of that beyond a reasonable doubt, then you may find the defendant guilty. If you have a reasonable doubt that those elements exist, or that this was the person who committed those acts, then you shall acquit.

N.T. at 197.

■ We believe that the trial court's charge was not deficient. The court properly informed the jury that they

should consider the totality of the evidence, whether direct or circumstantial, in determining whether it was sufficient to establish guilt beyond a reasonable doubt. *See Commonwealth v. Cooper*, 270 Pa.Super. 365, 411 A.2d 762 (1979). *Also see Commonwealth v. Suggs*, 289 Pa.Super. 44, 432 A.2d 1042 (1981). "A jury charge must be read as a whole and considered in its entirety. It is the general effect of the charge that controls." *Commonwealth v. Ignatavich*, 333 Pa.Super. 617, 624, 482 A.2d 1044, 1047 (1984). Instantly, the judge's instructions, read as a whole, present a clear and accurate statement of the law. Thus, appellant's allegation that the court erred in its charge is without merit, and counsel was not ineffective in failing to object to the instructions.

Judgment of sentence affirmed.

SPAETH, President Judge, files a concurring opinion.

BROSKY, J. files a concurring statement.

POPOVICH, J. files a dissenting statement.

SPAETH, President Judge, concurring:

I remain of the view that I expressed in concurring in *Commonwealth v. Garvin*, 335 Pa.Super. 560, 485 A.2d 36 (1984). I nevertheless concur in the order affirming the judgment of sentence. Given the overwhelming evidence of appellant's guilt, I am satisfied that the Commonwealth met its burden of proving beyond a reasonable doubt that counsel's incompetence was harmless because it had no effect on the outcome of the case.

BROSKY, Judge, concurring:

I join in the opinion of the majority, but I believe the issue of which party should bear the burden of proof on the question of harmless error merits further discussion. That question was left unsettled in *Commonwealth v. Garvin*, 335 Pa.Super. 560, 485 A.2d 36 (1984) (en banc). The majority holds that "the defendant must establish that

counsel's ineffectiveness so prejudiced his case that he was deprived of a fair trial." I agree with this holding.

I believe, however, that the placement of the burden of proof, in fact, makes no difference where the claim of ineffectiveness arises from trial proceedings. In that situation, there is no need for any further proceeding at which one of the parties must be assigned the burden of proof; this Court simply reviews the evidence already adduced at trial and determines whether the error (trial counsel's ineffective assistance) is harmless beyond a reasonable doubt. See *Commonwealth v. Story,* 476 Pa. 391, 383 A.2d 155 (1978). We determine, for example, whether, from the record before us, it is established beyond a reasonable doubt that the properly admitted evidence of guilt is so overwhelming and the prejudicial effect of the error so insignificant by comparison that the error could not have contributed to the verdict; or that the prejudice was so minimal (de minimus) that it did not influence the jury. *Id.* I do not believe that such an analysis itself or the result of such an analysis could differ depending upon to whom the burden of proof is assigned.

However, I do believe that the assignment of the burden of proof could make a difference where the claim of ineffective assistance of trial counsel does not arise from trial proceedings. Perhaps, the clearest example of such a claim is where trial counsel is alleged to have been ineffective for failing to interview witnesses. Case law has established that in order for a defendant to prove counsel's performance was deficient in that regard, he must prove at an appropriate hearing that counsel was aware of the witnesses and had some indication that their testimony would develop more than was already known to counsel. See e.g., *Commonwealth v. Ford,* 491 Pa. 586, 421 A.2d 1040 (1980); *Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1976). However, in order to be entitled to any relief, the defendant must also show that counsel's deficient performance prejudiced him by proving that the testimony would have been helpful to his case, i.e., that counsel's deficient performance

was not harmless error. See *Commonwealth v. Leonard*, 499 Pa. 357, 453 A.2d 587 (1982).[1]

In this situation, it makes a difference to whom the burden of proof is assigned. If we were to assign to the Commonwealth the burden of proving beyond a reasonable doubt that counsel's ineffectiveness did not contribute to the verdict, the Commonwealth, in the situation described above, would have to demonstrate that the witnesses' testimony would not have been helpful to the defense. I think that, in many instances, such a burden would be unfairly difficult for the Commonwealth to meet. Moreover, to place the burden of proof on the Commonwealth would be to impermissibly mandate that the Commonwealth prove that which our Supreme Court has already stated the defendant must prove. Therefore, although I believe it makes no difference in the instant case, I agree with the majority's holding that a defendant, after proving that his counsel was ineffective, must go on to establish that counsel's error was not harmless beyond a reasonable doubt.

POPOVICH, Judge, dissenting:

This represents an unwarranted intrusion into the Supreme Court's test for ineffectiveness as set forth in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). *Accord Commonwealth v. Clemmons*, 505 Pa. 356, 479 A.2d 955 (1984). The majority

---

**1.** This description of what *Leonard* and similar cases required a defendant to prove in order to prevail on a claim that counsel was ineffective for failing to interview witnesses is put in terms of the analytical framework established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Garvin*, supra. As held by the majority in *Garvin*, *Strickland's* articulation of a separate prejudice component reflects an analysis which our courts have employed only *sub silentio* in deciding ineffective assistance of counsel claims. In other words, *Leonard*, and similar cases, did not expressly use a harmless error analysis, but simply stated that counsel could not be held to be ineffective unless the defendant proved that the witnesses' testimony would have been helpful to his case. The *Garvin* majority holding is that, in the light of *Strickland*, the question of whether the testimony of the witnesses would have been helpful is asked not to determine whether counsel was ineffective, but to determine whether counsel's proved ineffectiveness was harmless.

concedes that counsel's action in introducing appellant's prior record was not reasonable. At 333. However, the majority justifies counsel's error because the "evidence overwhelmingly established appellant's guilt." At 335. Moreover, the concept that overwhelming guilt excuses counsel's ineffectiveness is not embraced in any United States or Pennsylvania Supreme Court opinion. Hence, it is not the function of this Court to erode established precedent of our Supreme Court.