J-S02012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RASHEEN AMEER CAULK | : | |
| | : | |
| Appellant | : | No. 609 EDA 2023 |

Appeal from the PCRA Order Entered February 1, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003430-2016

BEFORE: LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.: **FILED APRIL 1, 2024**

Rasheen Ameer Caulk appeals from the order, entered in the Court of Common Pleas of Delaware County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546. After careful review, we affirm.

The relevant facts and procedural history are as follows:

On March 21, 2016 and April 20, 2016, Pennsylvania State Troopers [Jared] Bromberg and [Javier] Garcia conducted controlled drug purchases from [Caulk] through a confidential informant, Anthony Reaves. Before the first controlled buy on March 21, 2016, Trooper Bromberg thoroughly searched Reaves and his vehicle to make sure there were no secret compartments in the vehicle where he could hide weapons, contraband[,] or money. Trooper Bromberg gave Reaves $4,800.00 in United States currency, which he instructed Reaves to use to purchase 125 grams of cocaine from [Caulk]. Trooper Garcia placed a recording device in Reaves' coat pocket. The controlled buy took

---

[*] Former Justice specially assigned to the Superior Court.

place in the 7800 block of Lindbergh Boulevard in Philadelphia. A Jeep with Connecticut license plates pulled behind Reaves' car, and Trooper Bromberg, watching from nearby, recognized [Caulk] exiting the driver's side of the Jeep. [Caulk] entered the passenger's side of Reaves' vehicle and met with Reaves for about one minute before returning to the Jeep. Nobody else approached or was inside Reaves' vehicle. The recording device in Reaves' pocket recorded his conversation with [Caulk], which the Commonwealth played for the jury. Reaves' and [Caulk's] voices could be heard on the recording. Following the transaction, Reaves drove to a pre-arranged location where he met with state troopers. He made no stops and had no contact with anyone else between the controlled drug buy and the post-buy meeting with the troopers. Troopers had Reaves under surveillance during the entire trip. At the pre-arranged location, troopers searched Reaves and found a large plastic bag containing cocaine that Reaves purchased with the $4,800.00. The [Pennsylvania State Police] crime lab determined that the bag contained 124.5 grams of cocaine.

Before the second controlled buy on April 20, 2016, Trooper Bromberg searched Reaves and Reaves' vehicle to ensure that there were no drugs, contraband, weapons[,] or money on Reaves' person or in his vehicle. **Troopers gave Reaves $4,800.00 in United States currency with pre-recorded, photographed serial numbers, and Trooper Garcia placed a recording device in Reaves' coat pocket.** At the last minute, the location of the controlled drug buy changed from Lindbergh Boulevard in Philadelphia to Fifth and Welsh Street[s] in Chester, Delaware County. The DEA performed aerial surveillance in addition to the troopers' ground surveillance. A videotape of this event depicted [Caulk] driving a white Mitsubishi and waiting at Fifth and Welsh Streets for Reaves. Reaves exited his vehicle and entered [Caulk's] vehicle, and they drove together to Edgmont and Fourth Streets and back to Fifth and Welsh Streets. Although the transaction was recorded and there was ambient noise, there was no conversation, no phone calls[,] and no mention of cocaine distribution. At the conclusion of the meeting, [Caulk] drove away but was arrested by a Chester police officer. Reaves drove away in his vehicle directly to a meeting with troopers, who recovered a bag containing 124.64 grams of cocaine that Reaves had purchased with the pre-recorded currency. The troopers found no other money, drugs[,] or contraband on Reaves' person or in his vehicle.

Prior to trial, on July 13, 2017, the Commonwealth sought a continuance on the ground that an extension would enable it to replace Reaves' testimony with testimony from state troopers and videotape evidence filmed by drones. The trial court continued the proceedings from July 13, 2017 to October 2, 2017. On July 31, 2017, Reaves was shot to death in front of his southwest Philadelphia apartment complex. On September 26, 2017, [Caulk] filed a motion *in limine* to preclude any reference to Reaves' death. Attached to [Caulk's] motion were two newspaper articles suggesting that Reaves was murdered in retaliation for cooperating with authorities against [Caulk] and other drug dealers. On October 5, 2017, following oral argument, the trial court denied [Caulk's] motion.

During [Caulk's] jury trial, Trooper Bromberg testified that Reaves could not testify because he was deceased. The Commonwealth did not present any evidence concerning the cause of Reaves' death. [Caulk] took the stand and denied selling drugs to Reaves, and defense counsel argued that the Commonwealth's case failed without Reaves' testimony.

*Commonwealth v. Caulk*, 220 A.3d 1102, 1106-07 (Pa. Super. 2019) (emphasis added).

Following trial, the jury convicted Caulk of two counts of possession with intent to deliver (PWID) (cocaine). The court sentenced Caulk to 100 to 240 months' imprisonment. On direct appeal, this Court affirmed. *See id.* at 1106, 1112. Caulk filed a petition for allowance of appeal, which our Supreme Court denied. *See Commonwealth v. Caulk*, 237 A.3d 385 (Pa. filed July 13, 2020) (Table).

On November 4, 2020, Caulk filed a *pro se* letter requesting credit for time served, which the trial court construed as a PCRA petition.[1] Caulk subsequently retained counsel, who filed a supplemental PCRA petition, raising three claims of ineffectiveness of trial counsel.

On October 17, 2022, the Commonwealth filed a motion to dismiss this supplemental PCRA petition.[2] On January 9, 2023, the court filed a notice of intent to dismiss without a hearing. *See* Pa.R.Crim.P. 907. On January 25, 2023, Caulk filed a response and, on February 1, 2023, the PCRA court granted Caulk credit for time served, but dismissed as meritless the remainder of the claims raised in Caulk's petition. Caulk filed this timely appeal followed by a Pa.R.A.P. 1925(b) statement.[3] On May 4, 2023, the PCRA court filed a Rule 1925(a) opinion. Caulk raises the following issues on appeal:

---

[1] *See Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) ("[T]he PCRA provides the sole means for obtaining collateral review, and [] any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.").

[2] The Commonwealth's motion to dismiss with attached exhibits was not included in the original record certified to this Court. On November 20, 2023, the Commonwealth filed a motion in this Court to correct the record. *See* Pa.R.A.P. 1926 (appellate court may direct anything material omitted from or misstated in record be corrected and supplemental record be certified and transmitted if necessary). This Court granted the Commonwealth's motion and directed the trial court to certify and transmit the Commonwealth's motion and attached exhibits as a supplemental record. *See* Order, 12/12/23. On January 9, 2024, the supplemental record was filed in this Court.

[3] We note Caulk's Rule 1925(b) statement is twelve pages in length and includes block quotations of both the Fourteenth Amendment and
*(Footnote Continued Next Page)*

1. Trial counsel was ineffective for failing to file a motion to suppress the electronic recordings obtained in violation of 18 Pa.C.S.A. § 5704(2)(ii) [of the Wiretap Act].

2. Trial counsel was ineffective for failing to object to the Confrontation Clause violation.

3. The PCRA court did not properly apply the standard set forth in ***Strickland v. Washington***, 446 U.S. 668, 685 [] (1984), which established the two-pronged standard[4] for claims of ineffective assistance of counsel. The PCRA court did not hold an evidentiary hearing and thus did not consider the totality of the evidence and did not reweigh the evidence.

4. The PCRA court erred when it did not hold a hearing on each issue presented in the PCRA petition and supplemental PCRA petition.

Appellant's Brief, at 2-3 (renumbered for ease of disposition).

Our standard regarding PCRA appeals is well-settled:

> When reviewing the denial of a PCRA petition, an appellate court must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, a reviewing court is bound by a PCRA court's credibility determinations and its fact-finding, so long as those conclusions are supported by the record.

_____

Pennsylvania's Wiretapping and Electronic Surveillance Control Act (Wiretap Act), 18 Pa.C.S.A. §§ 5701-5782. ***See*** Pa.R.A.P. 1925(b)(4)(iv) ("The Statement should not be redundant or provide lengthy explanations as to any errors."). Additionally, we note that the PCRA court's opinion attached to Caulk's brief is incomplete, including only the first 14 of the court's 17-page opinion.

[4] "This two-pronged test relates solely to the performance component set forth in ***Strickland***. Prior to ***Strickland***, the courts of Pennsylvania had never explicitly articulated a prejudice component in analyzing ineffectiveness claims." ***Commonwealth v. Pierce***, 498 A.2d 423, 425 (Pa. Super. 1985). ***See Commonwealth v. Pierce***, 527 A.2d 973, 976 (Pa. 1986) (defendant must show prejudice in order to succeed on claim of ineffective assistance of counsel).

However, with regard to a court's legal conclusions, appellate courts apply a de novo standard.

***Commonwealth v. Drummond***, 285 A.3d 625, 633 (Pa. 2022) (footnotes and quotation marks omitted).

Because Caulk's claims concern ineffective assistance of counsel, we also are guided by the following:

> To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth by the United States Supreme Court in ***Strickland v. Washington***, 466 U.S. 668, 687 (1984). This Court has recast the two-part ***Strickland*** standard into a three-part test by dividing the performance element into two distinct components. To prove that counsel was ineffective, the petitioner must demonstrate: (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To satisfy the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness the petitioner must adduce sufficient evidence to overcome this presumption.

***Drummond***, ***supra*** at 634 (footnotes and quotation marks omitted). We further note that "[f]ailure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim." ***Commonwealth v. McGarry***, 172 A.3d 60, 70 (Pa. Super. 2017) (citation omitted).

Caulk first argues trial counsel was ineffective for failing to file a motion to suppress electronic recordings which, he argues, were obtained in violation of section 5704(2)(ii) of the Wiretap Act. *See* Appellant's Brief, at 9-14. Specifically, Caulk contends Troopers Bromberg and Garcia "did not have the required approvals by the Deputy Attorney General or the voluntary consent of [] Reaves." *Id.* at 12.

Section 5704(2)(ii) of the Wiretap Act provides:

It shall not be unlawful and no prior court approval shall be required under this chapter for:

(2) Any investigative or law enforcement officer or any person acting at the direction or request of an investigative or law enforcement officer to intercept a wire, electronic[,] or oral communication involving suspected criminal activities, including, but not limited to, the crimes enumerated in section 5708 (relating to order authorizing interception of wire, electronic or oral communications), where:

* * * *

(ii) one of the parties to the communication has given prior consent to such interception. However, no interception under this paragraph shall be made unless the Attorney General or a deputy attorney general designated in writing by the Attorney General, or the district attorney, or an assistant district attorney designated in writing by the district attorney, of the county wherein the interception is to be initiated, has reviewed the facts and is satisfied that the consent is voluntary and has given prior approval for the interception; however, such interception shall be subject to the recording and record keeping requirements of section 5714(a) (relating to recording of intercepted communications) and that the Attorney General, deputy attorney general, district attorney or assistant district attorney authorizing the interception shall be the custodian of recorded evidence obtained therefrom[.]

18 Pa.C.S.A. § 5704(2)(ii). Thus, law enforcement officers may intercept communications involving suspected criminal activity where "one of the parties to the communication has given prior consent to such interception." *Id.* Further, interceptions cannot be made "unless the Attorney General or a deputy attorney general designated in writing by the Attorney General[] . . . has reviewed the facts and is satisfied that the consent is voluntary and has given prior approval for the interception." *Id.*

After our review, we agree with the PCRA court's finding that Caulk has failed to establish that the Commonwealth did not comply with the statutory requirements of the Wiretap Act. The record establishes that Deputy Attorney General Timothy M. Doherty reviewed the facts, determined that Reaves gave voluntary consent to the recording, confirmed Reaves' consent, and authorized the recordings prior to both controlled buys. *See* Memorandum of Approval, 3/7/16; Memorandum of Approval, 4/19/16, Attached as Exhibit 5 to Commonwealth Motion to Dismiss, 10/17/22. *See also supra*, at n.3. Caulk did not establish a violation of Wiretap Act and, therefore, trial counsel was not ineffective for failing to file a motion to suppress the recordings on that basis. *Drummond*, *supra*; *see also Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006) (stating "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim").

Next, Caulk argues trial counsel was ineffective for failing to object to the testimonial hearsay of Reaves. *See* Appellant's Brief, at 14-16. Caulk contends testimony "from the state actors relating to statements made by []

Reaves [was] inadmissible hearsay[,]" *id.* at 16, and was a "Confrontation Clause violation." *Id.* at 15. This claim is meritless.

First, we note that Caulk identifies two exchanges in his brief, and acknowledges in those exchanges that counsel objected. *See* Appellant's Brief, at 21.[5] As the Commonwealth points out, the state troopers never testified as to statements made by Reaves, and whenever the testimony veered in that direction, counsel objected. *See* N.T. Jury Trial, 1/30/18, at 26, 144, 164-67, 171, 189; N.T. Jury Trial, 1/31/18, at 76-77.

Finally, Caulk claims the PCRA court erred in dismissing his petition without a hearing. It is well-settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing

_____

[5] Caulk cites the following exchange in his brief:

A: [Trooper Garcia]: We—that day we follow[ed] the informant [Reaves] from our meet location. We followed him to [the] 7800 block of Lindbergh [Boulevard]. And we set up like we did, initially. . . . But Mr. Reaves contacts me and tells me that [] Caulk contacted him and related that he wanted—

Mr. Johnson: **Objection, your Honor, hearsay** [Tr. 1/31/18, at 67-68].

Later in the testimony, Trooper Garcia testified that the cocaine shown to him by the prosecutor was "the 125 grams that we purchased from [] Caulk on April 20, 2016." Trial counsel objected because [] Trooper [Garcia] was testifying about [a] conversation with the informant.[] **After the objection, the prosecutor rephrased the question**[.]

Appellant's Brief, at 21 (emphasis added).

is not necessary." ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008); Pa.R.Crim.P. 907(2). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. Hanible***, 30 A.3d 426, 452 (Pa. 2011). Caulk has failed to do so. Therefore, we cannot conclude that the PCRA court's denial of an evidentiary hearing was an abuse of discretion. ***See Hanible***, 30 A.3d at 452-53. ***See also Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001) (PCRA court may decline to hold hearing on petition if it determines petitioner's claim is patently frivolous and without trace of support in either record or other evidence).

Accordingly, we affirm the PCRA court's order dismissing Caulk's petition without a hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/1/2024

- 10 -