442 A.2d 236

COMMONWEALTH of Pennsylvania, Appellee,

v.

Anthony GWALTNEY, Appellant.

Supreme Court of Pennsylvania.

Submitted Jan. 18, 1982.

Decided March 10, 1982.

506

508

William P. James, Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Garrold Tennis, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

On December 8, 1975, appellant, Anthony Gwaltney, was convicted by a jury of murder of the third degree and criminal conspiracy in connection with the murder of John Wearing. Motions for a new trial and arrest of judgment were denied, and appellant was sentenced to consecutive prison terms of ten to twenty years on the murder conviction and five to ten years on the conspiracy conviction. Represented by the same counsel, appellant filed a direct appeal with this Court, and the judgments of sentence were

affirmed. *Commonwealth v. Gwaltney*, 479 Pa. 88, 387 A.2d 848 (1978).

On November 27, 1978, appellant filed a *pro se* petition for relief under the Post Conviction Hearing Act [1] in the Court of Common Pleas of Philadelphia County. Represented by new counsel, appellant filed an amended petition on March 9, 1979. A hearing was held on January 21 and 28, 1980. The instant appeal is from the P.C.H.A. Court's denial of appellant's petition.

Appellant's contentions are all premised upon his trial counsel's alleged ineffectiveness.[2] The P.C.H.A. court found these contentions to be without merit. We agree.

The test of constitutionally effective assistance of counsel is whether a "particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests". *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967) (emphasis in the original). The initial factor that is considered in applying this standard is whether the matters counsel is charged with failing to competently pursue had arguable merit. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

Initially, appellant contends that trial counsel was ineffective for failing to object to the prosecutor's question at trial to appellant's exercise of his right to counsel during interrogation. On March 5, 1975, appellant was taken into custody by the police and interrogated in connection with the murder of John Wearing. At that time appellant made an exculpatory statement. At trial, during direct examination by the prosecutor, the interrogating officer read appellant's statement into the record. On cross-examination, appellant's

1. Post Conviction Hearing Act, Pa.Stat.Ann. tit. 19, § 1180–1 et seq. (Purdon Supp.1981) [hereinafter P.C.H.A.].

2. These contentions are being raised for the first time in this P.C.H.A. petition. Section 1180–3(d) of the P.C.H.A. states that a petitioner may not raise an issue in a P.C.H.A. petition if that issue has been waived. However, since this is the first time that he has been represented by counsel other than his trial counsel, appellant's claims of ineffective assistance of trial counsel have not been waived. *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977).

counsel elicited from the interrogating officer that appellant did not request that an attorney be present during the interrogation. However, on redirect, when asked by the prosecutor if an attorney had appeared for the appellant on the day of the interrogation, the interrogating officer answered affirmatively.

■ Appellant claims that the prosecutor's question concerning the presence of appellant's attorney at this interrogation was constitutional error and that trial counsel was ineffective for failing to object. Appellant bases this contention on *Commonwealth v. Haideman*, 449 Pa. 367, 296 A.2d 765 (1972). In *Haideman*, this Court held that testimonial reference to an accused's silence and request for an attorney at time of arrest is a violation of the Fifth Amendment, and is reversible error. *Haideman* is based on the policy that a prosecutor should not be permitted to use a defendant's exercise of a Fifth Amendment right to suggest an inference of guilt. However, it is not a violation of the Fifth Amendment for a prosecutor to elicit testimony concerning a defendant's exercise of his Fifth Amendment rights, if it is not designed to suggest an inference of guilt, but rather to refute an inference that the defense has improperly suggested. *Commonwealth v. Kahley*, 467 Pa. 272, 356 A.2d 745 (1977).

■ In his cross-examination of the interrogating officer, defense counsel attempted to mislead the jury into believing that appellant had never requested that a lawyer be present on the day of the interrogation, and thus was endeavoring to create the misimpression that appellant decided to forgo his Fifth Amendment right to counsel to suggest an inference of innocence. Thus, the question by the prosecutor was proper because it was designed to prevent the jury from being misled. Appellant's contention that the prosecutor's reference to appellant's representation during interrogation was improper is without merit. Consequently, appellant's trial counsel was not ineffective for failing to object to the prosecutor's question.

Appellant next contends that trial counsel was ineffective for failing to object to the prosecutor's following closing remarks to the jury concerning the seriousness of gang violence:

> The Constitution of the United States provides that in every criminal case, the defendant is entitled to a jury to decide whether or not he is guilty, and you have been selected to perform that job, and without you this system could not function, but you are also not only a contribution to the system, but you are a contribution in a way to what happens outside the courtroom because as Mr. Every pointed out to you, the problem of gangs and gang violence is one that is experienced all over this City, and it's a serious problem. It's one which touches many thousands of people. So what you decide in this courtroom today, ladies and gentlemen, not only affects the system in City Hall, but it affects what happens outside City Hall as well
> . . .

*Commonwealth v. McNeal*, 456 Pa. 394, 319 A.2d 669 (1974), posits the following standard for determining whether a prosecutor's remarks to a jury are proper: "[C]omments by the district attorney do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weight the evidence objectively and render a true verdict".

It is apparent that the prosecutor's remarks were made in an attempt to apprise the jury of the nature of its duty, as well as the impact of its verdict on the community. Within proper limits a prosecutor may argue for law and order and remind the jury of the danger to the community presented by individuals inclined to be violent. *Commonwealth v. Nesbitt*, 276 Pa.Super. 1, 419 A.2d 64 (1980). The prosecutor's reference to the community problem of gangs and gang violence was not such that it would destroy the jury's ability to objectively weigh the evidence and render a true verdict. Moreover, it should be noted that the prosecu-

tor admonished the jury that it should put aside all sympathy and base its verdict solely on the evidence.[3]

▆ Furthermore, at the P.C.H.A. hearing, appellant's trial counsel stated that he did not object to the prosecutor's remarks because his strategy was to permit the jury to be persuaded that a gang member had committed the murder, and then prove that appellant was not a gang member. Trial counsel's strategy was a deliberate tactical choice, that had a reasonable basis designed to effectuate appellant's best interests. *Commonwealth ex rel. Washington v. Maroney, supra.*

Since appellant's contention that the prosecutor's remarks were improper is without merit, and trial counsel's strategy had a reasonable basis, trial counsel was not ineffective.

Appellant next contends that trial counsel was ineffective for failing to object to the prosecutor's following closing argument concerning the credibility of Commonwealth witness, John Reid:

Mr. Every (defense counsel) also says that John Reid gave this statement to the police and testified in here in order to save himself. Well, what's he saving himself from? Did you hear any evidence except his statement that would in any way implicate him in the murder of John Wearing or did you hear evidence sufficient to prove beyond a reasonable doubt that he was involved in the murder? No, you didn't. In fact, the testimony he gave in this courtroom—if the Commonwealth could find someone who could say that John Reid contributed to the death of Mr. Wearing in some substantial way, this testimony in this courtroom could be introduced against him, could be used against him at that trial. So how is he saving himself, by coming in and testifying where the Commonwealth doesn't have any other evidence of his guilt?

3. This Court has held that a prosecutor's remark that a particular crime was "an attack at our very system" did not prevent the jury from rendering a true verdict, particularly when the prosecution reminded the jury to realize and discharge its duty "very fairly and firmly so that justice may be done." *Commonwealth v. Burton*, 491 Pa. 13, 417 A.2d 611 (1980).

In further support of this contention, the appellant includes the prosecutor's additional closing remarks with respect to the same witness: "he told the truth", "he did testify forthrightly"; he "had to tell the truth"; and "he was telling you what he honestly saw and what he honestly remembers".

■ It is improper for counsel to express his opinion concerning the credibility of a witness. *Commonwealth v. Lark*, 460 Pa. 399, 333 A.2d 786 (1975). However, to determine the effect of the prosecutor's remarks they must be evaluated in the context in which they occurred. *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975).

In his closing argument, appellant's trial counsel made the following remarks about the veracity of Reid:

[W]as he [Reid] the kind of witness who was truthful and who said, that this was the man [appellant] who killed John Wearing? I don't think he was that kind of witness. As a matter of fact, I think I proved to you this man was lying at least three times . . . this witness lied at least two or three times, and lied on the witness stand when I questioned him on cross examination . . .

■ This Court has held that a prosecutor's remark concerning the credibility of a witness does not constitute reversible error where it is "motivated by, and was commensurate with the prior attacks upon the credibility of" the Commonwealth's witnesses. *Commonwealth v. Stoltzfus, supra.* Here, the prosecutor was speaking out on an issue (credibility) which had been initiated by appellant. Furthermore, the trial judge instructed to the jury members that they were the sole judges of the credibility of the witnesses. Appellant's contention that the prosecutor's remarks were improper is without merit. Consequently, trial counsel was not ineffective for failing to object to those remarks.

■ Appellant next contends that trial counsel was ineffective for failing to object to the introduction of evidence concerning gang activity that had no purpose except to arouse the passion and prejudice of the jury. The following

summary of the complained of testimony, inter alia, was presented at trial: that Commonwealth witness, John Reid, was a member of a gang; that appellant was a member of the same gang; that deceased was a member of a rival gang; that the Philadelphia area is divided into various gang "turfs"; that deceased declared that appellant's gang was responsible for his injuries; that certain witnesses were members of various gangs; and that a member of appellant's gang was stabbed by the deceased.

This evidence was properly admitted by the trial court for two reasons. First, evidence of relations, conduct or circumstances of the parties is relevant circumstantial evidence to establish a conspiracy. *Commonwealth v. Dolfi*, 483 Pa. 266, 396 A.2d 635 (1979). Since appellant was charged with criminal conspiracy, evidence of the gang activity involved in the present case is highly probative of whether a conspiracy existed. Second, evidence to prove motive, intent, plan, design, ill will or malice is relevant in a criminal case. *Commonwealth v. Faison*, 437 Pa. 432, 264 A.2d 394 (1970). The evidence presented concerning the relationship between appellant's gang and the deceased's gang, and the alleged stabbing of a member of appellant's gang by the deceased is certainly probative of appellant's possible motive.

Since appellant's assertion that this evidence was not properly admissible is without merit, appellant's trial counsel was not ineffective for failing to object to its admission.

Finally, appellant asserts that he was denied effective assistance of trial counsel because appellant's counsel introduced evidence that was damaging to appellant's case. Prior to trial, on June 9, 1975, at 3:00 p. m., Commonwealth witness, John Reid, told police in writing that appellant had "confessed" to him that he had stabbed the deceased. At trial, on cross examination, appellant's trial counsel read, for the first time, that portion of Reid's statement concerning appellant's alleged "confession" to Reid. Reid admitted that this statement was false. Appellant claims that the introduction of this statement by his own counsel was so prejudicial that a new trial is warranted.

 On cross-examination, a witness may be impeached to show the witness' bias, dishonesty, or defects in his ability to observe, remember or recount the matter about which he has testified. *Commonwealth v. Hamm*, 474 Pa. 487, 378 A.2d 1219 (1977). By the use of a prior inconsistent statement, appellant's trial counsel was attempting to impeach the Commonwealth's witness.[4] In fact, in his summation to the jury, trial counsel argued that Reid's prior false statement rendered his entire testimony unworthy of belief. This was a strategy reasonably designed to effectuate his client's interest. *Commonwealth ex rel. Washington v. Maroney, supra.* Consequently, this claim of ineffective assistance of trial counsel is without merit.

For the foregoing reasons, the order of the Court of Common Pleas of Philadelphia County dismissing appellant's petition for post conviction relief is affirmed.

ROBERTS, J., filed a concurring opinion in which O'BRIEN, C. J., joined.

ROBERTS, Justice, concurring.

The record of the PCHA hearing reveals that trial counsel deliberately chose not to pursue the objections which appellant now contends should have been pursued. Counsel did not object to the interrogating officer's redirect testimony regarding the presence of appellant's attorney at the stationhouse because the attorney was present only after appellant had made an exculpatory statement. In counsel's judgment, the redirect testimony "tended to corroborate" the exculpatory statement. Counsel refrained from objecting to the prosecutor's closing reference to gang activity on the basis of his determination that the references were helpful to appellant's defense in light of the evidence indicating that appellant had not been a gang member. As I am satisfied that these strategic decisions had "*some reasonable basis* designed to effectuate his client's interests," *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d

---

4. At the P.C.H.A. hearing, appellant's trial counsel stated that his purpose was to impeach the witness' credibility.

349, 352 (1967), I agree with the majority that appellant's claims of ineffective assistance do not warrant relief.*

O'BRIEN, C. J., joins in this concurring opinion.

---

* Because the record establishes that counsel's strategy was reasonable, the majority's discussion of whether the objections would have been successful is unnecessary.