532 A.2d 22

**COMMONWEALTH of Pennsylvania**

v.

**Aurelio RAMOS, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 3, 1987.

Filed Oct. 6, 1987.

626

Janis Smarro, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and HOFFMAN and HESTER, JJ.

HESTER, Judge:

On October 18, 1986, appellant, Aurelio Ramos, was convicted by a jury of third degree murder and possession of an instrument of crime. Following denial of his motion for a new trial, he was sentenced, on February 2, 1987, to twelve and one-half to twenty-five years in prison, and he filed a timely appeal. As we conclude that his allegations of trial error are meritless, we affirm the judgment of sentence.

The evidence establishes that the murder victim, Frank Morales, was a drug dealer in the vicinity of Eighth and Butler Streets in Philadelphia, Pennsylvania, the area upon which trial testimony centered. On June 27, 1985, at 5:30 in the evening, appellant approached Morales and shot at him four times with a revolver; three shots hit the victim.

Two eyewitnesses to the incident, George Garcia and Marcie Streger, identified appellant as the murderer. Garcia, a neighbor, was conversing with Morales when both men saw appellant approach. Morales pulled Garcia in front of himself, and they went down together as the shooting occurred. Garcia was not harmed.

Streger, who knew appellant prior to the incident, witnessed the shooting from across the street. She observed

appellant with three male companions walking along the street, when two of the men broke off and stood on a corner. Appellant and the older male continued down the street, passing directly in front of her. Streger watched appellant cross the street toward Morales, pull a gun from his trousers, and shoot Morales, once while Morales was standing next to Garcia and three times while Morales lay on the ground. When the police arrived, Streger told them that appellant, whom she knew by the nickname "June Bug," was the assailant. Later, she identified appellant's picture from a photographic array. Streger was positive in her identification of appellant as the murderer. N.T., 10/15/86, at 2.183–84.

At trial, the Commonwealth sought to establish that appellant was guilty of first degree murder for shooting Morales, an independent drug dealer, on the instructions of Hawk Pagan, a rival drug dealer in the Eighth and Butler Street area. The trial court permitted testimony on this subject by three witnesses. The witnesses were Adelita Gines, the victim's sister; Broderick Bass, a friend of the victim; and Philadelphia police officer William Bailey, who conducted narcotics investigations in the area during early 1985.

Gines testified that her brother sold drugs and that in September, 1984, she saw a physical confrontation between appellant and her brother. Pagan was present during the confrontation as were two other men. Pagan and accomplices shot at Morales, and Morales had a fist fight with appellant.

Bass testified that both Morales and Pagan sold drugs. N.T., 10/15/86, at 2.96–97. He described a June 24, 1985 incident during which Pagan, appellant and three other males shot at Morales. On another occasion, Bass heard Pagan threaten Morales, in appellant's presence, with death if Morales did not stop selling drugs in his area.

Officer Bailey described the movements of Pagan and appellant in the area around the time of the shooting, characterizing their activities as a drug operation. He

testified that Morales was a small-time drug dealer in the same area.

Appellant's first objection to the proceeding relates to the testimony of Gines, Bass and Bailey. Their testimony, he alleges, was improperly admitted on two grounds. First, its introduction violated the general rule prohibiting introduction of prior criminal activities of the accused; second, the evidence of the criminal activity of Pagan, an unrelated third party, was irrelevant and prejudicial to his trial.

Regarding the first ground, the supreme court has recently restated the rule on this issue:

[T]he general rule prohibiting the admission of evidence of prior crimes [of the accused] nevertheless

allows evidence of other crimes to be introduced to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial, in other words, where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other.

*Commonwealth v. Banks*, 513 Pa. 318, 350, 521 A.2d 1, 17 (1987).

In this case, the evidence of appellant's drug dealing activities directly established his motive for the murder. Similarly, the prior incidents of fighting and shooting established intent as well as motive. All of this evidence was properly introduced at trial. *Commonwealth v. Sourbeer*, 492 Pa. 17, 422 A.2d 116 (1980) (where defendant was on trial for shooting his mother, evidence that he forged checks on her bank account and previously attempted to kill her was admissible to show motive and intent); *Commonwealth v. Glass*, 486 Pa. 334, 405 A.2d 1236 (1979) (evidence that appellant fired a gun at deceased's home and beat her ten months prior to murder held admissible); *Commonwealth v. Chism*, 480 Pa. 233, 389 A.2d 1041 (1978) (evi-

dence of defendant's threats to victim and that he had forged victim's signature on check admissible to show, motive); *Commonwealth v. Coyle*, 415 Pa. 379, 203 A.2d 782 (1964) (where defendant murdered policeman to avoid apprehension for previously committed crimes, all crimes were interwoven and admissible); *Commonwealth v. Murphy*, 346 Pa.Super. 438, 499 A.2d 1080 (1985) (defendant's prior rape of murder victim's wife admissible to show motive and history of event).

Appellant's reliance upon *Commonwealth v. Hoskins*, 485 Pa. 542, 403 A.2d 521 (1979), *Commonwealth v. Satzberg*, 358 Pa.Super. 39, 516 A.2d 758 (1986); *Commonwealth v. Bond*, 261 Pa.Super. 311, 396 A.2d 414 (1978); and *Commonwealth v. Hude*, 256 Pa.Super. 439, 390 A.2d 183 (1978), is misplaced. In those cases, unlike the present one, the prior crimes had no connection to the crime for which the defendant was on trial.

■ Appellant's contention that the evidence of Pagan's criminal activities was irrelevant and inadmissible is addressed in *Commonwealth v. Colson*, 507 Pa. 440, 490 A.2d 811 (1985) and *Commonwealth v. Gwaltney*, 497 Pa. 505, 442 A.2d 236 (1982). *Colson* involved a murderer who had no apparent connection to his victim. At trial, however, it was established that the defendant was a drug dealer with the victim's brother, who had a strong motive for killing him. The defendant objected to the introduction of testimony concerning his and the brother's involvement in drug trafficking. The supreme court ruled that the testimony was admissible to show the relationships among the parties involved in the crime. *Commonwealth v. Colson, supra,* 507 Pa. at 464, 490 A.2d at 823.

In *Gwaltney*, evidence almost identical to that at issue here was ruled admissible. There, the evidence established motive by showing that the defendant and his victim were members of rival gangs in Philadelphia. The supreme court stated:

> [E]vidence to prove motive, intent, plan, design, ill will or malice is relevant in a criminal case. *Commonwealth v.*

*Faison,* 437 Pa. 432, 264 A.2d 394 (1970). The evidence presented concerning the relationship between appellant's gang and the deceased's gang, and the alleged stabbing of a member of appellant's gang by the deceased is certainly probative of appellant's possible motive.

*Commonwealth v. Gwaltney, supra,* 497 Pa. at 514, 442 A.2d at 241.

Cases relied upon by appellant in support of this claim are distinguishable. Here, unlike *Commonwealth v. Krajci,* 283 Pa.Super. 488, 424 A.2d 914 (1981), there was no danger that the jury would confuse the misdeeds of Pagan with those of appellant. Unlike the third party's criminal activities in *Commonwealth v. Hales,* 384 Pa. 153, 119 A.2d 520 (1956), Pagan's criminal activities were clearly connected to the appellant, the victim and the reason for the murder.

Appellant's next allegation of error concerns his trial defense. In his defense, he testified that he was present at the shooting, but that his brother, Jose Ramos, was the murderer. Jose committed suicide on July 7, 1985. At trial, appellant was not permitted to introduce two pieces of evidence that allegedly would have supported his defense: 1) a conversation between Jose and himself during which Jose made statements inculpating himself as the murderer; and 2) the fact that Jose committed suicide.

■ While appellant argues strenuously regarding the exclusion of this evidence, he avoids the crux of the issues involved. Although evidence that someone else committed the crime is relevant, it must be otherwise competent in order to be admissible. The two pieces of evidence are inadmissible for different reasons.

Jose's statements implicating himself as the murderer are hearsay. The supreme court recently announced that declarations of unavailable witnesses admitting culpability to a crime are not admissible unless the circumstances surrounding the declaration provide a clear assurance of their reliability. *Commonwealth v. Bracero,* 515 Pa. 355, 528 A.2d 936 (1987). In *Bracero,* the supreme court held that the trial court properly excluded testimony of a defense witness

who would have testified that a third party admitted committing the crime. In this case, appellant's unsupported testimony regarding statements allegedly made to him by his brother, unavailable for rebuttal, has less indicia of reliability than the testimony excluded in *Bracero*. Accordingly, his testimony regarding Jose's statements was properly excluded by the trial court.

■ Regarding Jose's suicide, the test of relevancy establishes why evidence of the suicide was inadmissible: evidence is relevant when the inference sought to be raised by the evidence bears upon a matter in issue in the case, and when the evidence renders the desired inference more probable than it would be without the evidence. *Commonwealth v. Haight*, 514 Pa. 438, 440, 525 A.2d 1199, 1200 (1987). The fact that Jose committed suicide does not support the desired inference that he committed the murder. Appellant had been arrested for the murder and had been identified positively by eyewitnesses. Jose had no reason to fear that he would be arrested. Thus, Jose's commission of the murder was relevant, but the fact that he committed suicide did not, under these circumstances, make it more probable that he had committed the murder. Evidence of the suicide was therefore irrelevant.

■ Appellant's final two arguments relate to pretrial publicity. He alleges that the trial court erred in disallowing jury voir dire on pretrial publicity and in failing to grant his motion for change of venue due to that publicity. Appellant describes the offensive publicity as follows:

At trial, the Commonwealth sought to show that Alberto Pagan, a/k/a "Hawk", a drug dealer, had ordered the defendant to kill Morales in retaliation for encroaching upon Hawk's territory. Hawk's alleged territory was in the area of Eighth and Butler Streets only a few blocks from the scene of the killing. Throughout the testimony, there were numerous references to drugs and to the Eighth and Butler Street area.

Over the past year prior to trial there had been wide media coverage of the drug trafficking problems in the Eighth and Butler Streets area. On October 9, 1986, while jury selection was in progress, WCAU–AM, a Philadelphia radio station, broadcasted a weeklong expose on the drug problems and related crime in that area. On September 14, 1986, the Philadelphia Inquirer Newspaper devoted its Sunday magazine to the drug problem in that area, portraying drug sales in progress, dealers and users being arrested and drug homes being raided.

Additionally, prior to trial, the United States Attorney Edward Dennis and the Philadelphia District Attorney had conducted numerous press conferences to announce arrest of major figures in the drug operations conducted at Eighth and Butler Streets. Results of joint task force employed to combat the drug problems in that area have been announced.

Brief for Appellant at 37–38.

This media coverage did not mention the victim, Pagan, appellant or the murder, and the trial court did not abuse its discretion in failing to allow voir dire or change of venue on that basis. Pretrial publicity warrants a change of venue only when it is so pervasive, inflammatory, and inculpatory that a fair trial is unlikely. *Commonwealth v. Casper*, 481 Pa. 143, 392 A.2d 287 (1978); *Commonwealth v. Grossman*, 351 Pa.Super. 298, 505 A.2d 991 (1986). Further, a trial court's decision regarding both the scope of voir dire examination and change of venue will not be reversed absent gross abuse of discretion. *Commonwealth v. Lark*, 350 Pa.Super. 558, 504 A.2d 1291 (1986) (voir dire); *Commonwealth v. Casper, supra* (venue). Since the publicity at issue made no reference to any events or parties in the trial, we fail to see how it could have been so inculpatory as to prevent a fair trial. The trial court did not abuse its discretion in this matter.

Judgment of sentence affirmed.