J-S26022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAOOD QUODOS | |
| Appellant | No. 531 EDA 2014 |

Appeal from the Judgment of Sentence Entered September 6, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0016059-2008

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                          **FILED JULY 21, 2016**

Appellant Daood Quodos appeals from the September 6, 2013 judgment of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court"), following a jury trial that resulted in his being convicted of aggravated assault, possessing a firearm without a license, carrying a firearm on a public street, and possessing an instrument of crime.[1]  Upon review, we affirm.

The facts and procedural history of this case are as follows.[2]  On the evening of May 26, 2008, Tariq Hannibal (the "Victim"), Kalim Williams

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a), 6106(a)(1), 6108, and 907(a), respectively.

[2] Unless another source is cited, the facts are taken from pages 1 and 3 of the trial court's June 30, 2015 Pa.R.A.P. 1925(a) opinion.

("Williams") and Tonnell Fuller went to the Lucky Strikes bowling alley at 40th and Spruce Street in Philadelphia. N.T. Trial, 4/1/13, at 61-62, 65-66. These three individuals were associated with a gang from 60th Street in West Philadelphia that was engaged in active hostilities against a rival gang from 56th Street, to which Appellant belonged. The hostilities between the gangs had resulted in multiple shootings. *Id.* at 86-87, 109-14; *see* N.T. Trial, 4/2/13, at 61-62, 143-44. At the bowling alley, a female approached the three men to warn them that some guys from the 56th Street gang were present. To avoid any conflict, the three friends left the bowling alley in the Victim's car. They noticed that a black car was following them down Walnut Street. The Victim attempted to lose the black car by dodging in and out of the two lanes on Walnut Street. However, at 56th Street and Walnut Street, the Victim was forced to stop at a red light. Appellant stepped out of the black car into the middle of traffic and fired his "black chrome semi[-]automatic handgun" into the Victim's car and fled. Before running away from the scene, Williams attempted to assist the Victim, who had been shot and was motionless. The Victim—who survived—was shot in his head and arm and still experiences trouble with his short-term memory, vision, and arm mobility. Williams later informed the police that he observed that Appellant was only three feet away from the driver's side of the car when

Appellant fired his gun into the car.[3]  During their investigation, detectives recovered sixteen brass casings from the scene of the shooting.

Appellant eventually was charged with, *inter alia*, aggravated assault, and various firearms offenses.  The case proceeded to a jury trial,[4] at which the trial court, over Appellant's objection, permitted the Commonwealth to introduce evidence of gang violence between the 60th and 56th Street gangs and Appellant's prior firearms conviction.  The trial court also disallowed Appellant from cross-examining Williams about Williams' firearms offenses under Pa.R.E. 404(b).  Finally, the trial court, over Appellant's objection, and in accord with Pa.R.Crim.P. 646, allowed the jury to review redacted written statements that Williams gave to the police.  Following trial, the jury convicted Appellant of aggravated assault, possessing a firearm without a license, carrying a firearm on a public street, and possessing an instrument of crime.  The trial court sentenced Appellant to 9½ to 19 years' imprisonment.  Appellant did not file any post-sentence motion; and timely appealed to this Court.  Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinion.

---

[3] Williams recognized Appellant as a former schoolmate and a 56th Street gang member.  N.T. Trial, 4/1/13 at 182-83; N.T. Trial, 4/2/13, at 160.

[4] This was Appellant's third trial, as his first two trials resulted in mistrials in 2010 and 2011, respectively.

On appeal, Appellant raises six issues for our review:

1. Whether the trial court erred in admitting evidence of other crimes through hearsay statements provided by [Williams] under the guise of establishing motive or providing the complete picture when the evidence was more prejudicial than probative of any material fact or issue in the case, was admitted in violation of Appellant [sic] right to confront witnesses under the U.S. and Pennsylvania constitutional right to confrontation, and where none of the criminal activity referred to in the statements or referenced during testimony related specifically to Appellant?[5]

2. Whether the trial court erred, in violation of the confrontation clause and Appellant's 6th Amendment and Art. I, sec. 9 of the Pennsylvania Constitutions' right to counsel by limiting the Appellant's ability to cross examine the eyewitness regarding instances he possessed firearms, his firearms convictions and arrests, and any sentences and/or probations he has served or was serving for a firearm offense?

3. Whether the trial court erred in admitting evidence of Appellant's prior conviction for a weapons offense for an arrest in 2006 in violation of Pa.R.E. §§ 401 and 403, where the gun was confiscated and presumably destroyed after the

_____

[5] To the extent Appellant alludes to hearsay statements provided by Williams, he fails to identify what those statements are and whether he properly preserved a hearsay challenge by making an objection on the record. Accordingly, any hearsay concerns on appeal are waived. **See** Pa.R.A.P. 2119(a). Insofar as Appellant may characterize as hearsay Williams' account of gang activity, Appellant is mistaken. As detailed **infra** in footnote 6, Williams testified about his first-hand, personal experience with gang activities between the 56th and 60th Street gangs. Also, to the extent Appellant's first issue implicates Confrontation Clause concerns, we must agree with the Commonwealth that those concerns are waived. Appellant fails to discuss and develop in any meaningful way how Williams' written statements to the police run afoul of the Confrontation Clause. **See Commonwealth v. Antidormi**, 84 A.3d 736, 754 (Pa. Super. 2014) (noting that it is settled that where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived); **see** Pa.R.A.P. 2119(a) (providing that each point treated in an argument must be "followed by such discussion and citation of authorities as are deemed pertinent").

conviction, and where the alleged prior offense occurred more than two years prior to the current offense?

4. Whether the evidence was sufficient to convict the Appellant where the only evidence of the alleged offense came from a tainted source that lack [sic] credibility where his first statement to police occurred 5-6 months after the incident, where he was involved in other shooting incidents, where he had been convicted on multiple occasions of firearm offenses, where the witness had consistently testified during and since the preliminary hearing that the Appellant did not commit the offense, and where the physical evidence at trial conflicted with his testimony regarding how the offense occurred?

5. Whether the trial court erred in permitting the jury to review the statement(s) of Kalim Williams during jury deliberations where the statements contained highly prejudicial statements unrelated to the offense for which the Appellant was on trial, specifically where Appellant was not named as an offender or potential offender in the unrelated events testified to during the trial which resulted in an unfair trial?

6. Whether the verdict was against the weight of the evidence?

Appellant's Brief at 3-4.

Preliminarily, we note that Appellant's fourth and sixth issues are waived. Even though Appellant's fourth argument refers to sufficiency of evidence, it does not appear to challenge the sufficiency of the evidence with respect to any elements of the crimes for which he was convicted. Viewed in context, Appellant's fourth argument assails only the jury's credibility determination to the extent it found Williams' testimony to be credible. *See **Commonwealth v. Mobley**,* 14 A.3d 887, 889–90 (Pa. Super. 2011) ("It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder."). Assuming Appellant properly challenged sufficiency, he still would not obtain relief based on the reasons outlined in the trial court's Rule 1925(a) opinion, which we adopt by reference. *See* Trial Court's Rule 1925(a) Opinion, 6/30/15, at 10-13.

Appellant's sixth issue, relating to weight of the evidence is waived. Appellant did not raise weight of the evidence before the trial court orally on the record, by written motion before sentencing, in a post-sentence motion, or in his Rule 1925(b) statement. *See* Pa.R.Crim.P. 607(A), Pa.R.A.P. 302(a) and 1925(b)(4)(vii).

Having disposed of Appellant's fourth and sixth issues, we now turn to Appellant's remaining four issues on appeal, all of which implicate the trial court's evidentiary rulings.

It is settled:

> [a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Commonwealth v. Tyson*, 119 A.3d 353, 357-58 (Pa. Super. 2015) (internal citations omitted). Moreover, an appellant bears a "heavy burden" to show that the trial court has abused its discretion. *Commonwealth v. Christine*, 125 A.3d 394, 398 (Pa. 2015).

With the foregoing in mind, and after careful review of the parties' briefs, the record on appeal, and the relevant case law, we conclude that the trial court's 1925(a) opinion, authored by the Honorable Lisette Shirdan-Harris, cogently disposes of Appellant's first, second and fifth issues on appeal. *See* Trial Court Rule 1925(a) Opinion, 6/30/15, at 5-7, 9-10, and 13-14.

- 6 -

We now address Appellant's remaining argument, his third. Appellant argues that the trial court abused its discretion in allowing the Commonwealth to introduce into evidence Appellant's prior conviction for a firearms offense in 2006 that involved possession of a handgun of a different caliber than the one used in the shooting *sub judice*. Relying now on overruled cases,[6] the trial court concluded that the Commonwealth could introduce evidence of Appellant's prior handgun possession to demonstrate that Appellant "had access to [the] same type of guns, in the same exact area where the [Victim] was shot." Trial Court Rule 1925(a) Opinion, 6/30/15, at 8. As the Commonwealth points out, however, the .45 caliber handgun Appellant possessed in 2006 was not the same gun that he used to shoot the Victim in 2008. **See** Commonwealth's Brief at 37. In light of **Christine**, the Commonwealth now urges us to uphold the trial court's evidentiary ruling on alternative grounds. Specifically, the Commonwealth argues that evidence of Appellant's prior handgun possession was admissible to demonstrate Appellant's connection to 56th Street and Walnut Street and to the 56th Street gang that controlled that location. **Id.** at 38. We disagree.

_____

[6] As the Commonwealth concedes, in **Christine**, which was decided during the pendency of this appeal, our Supreme Court held that a trial court abuses its discretion when it introduces a weapon into evidence that was not the weapon used in the commission of the crime giving rise to the criminal proceedings. **See Christine**, 125 A.3d at 400-01.

Instantly, our review of the trial transcript reveals that Appellant's connection to 56th and Walnut Street and his gang affiliation were uncontested.[7] In addition to Williams' testimony about Appellant's gang affiliation, the Commonwealth also presented the testimony of Detective Daniel Brooks who testified that Appellant had a distinct tattoo on his arms— the number five on one arm and number six on the other. N.T. Trial, 4/4/13 at 10. Because the trial court's evidentiary ruling concerning Appellant's prior handgun possession was anchored in cases that have been overruled by **Christine** and Appellant's connection to the 56th and Walnut Street and the 56th Street gang were not in dispute, we are constrained to conclude that the trial court abused its discretion in admitting Appellant's prior firearms offense.

Our inquiry, however, does not terminate here. In determining whether the trial court's error requires the grant of a new trial, we must consider whether the error was harmless.[8]

In **Commonwealth v. Cooley**, 118 A.3d 370 (Pa. 2015), our Supreme Court explained that "[a]n error is harmless if it could not have contributed to the verdict. In other words, an error cannot be harmless if

---

[7] Appellant did not call any witnesses or offer any evidence in his defense.

[8] "The harmless error doctrine, as adopted in Pennsylvania, reflects the reality that the accused is entitled to a fair trial, not a perfect trial." **Commonwealth v. Reese**, 31 A.3d 708, 719 (Pa. Super. 2011) (*en banc*) (citation omitted).

- 8 -

there is a reasonable possibility the error might have contributed to the conviction." *Cooley*, A.3d at 380 (citation omitted); *see also Commonwealth v. Mitchell*, 839 A.2d 202, 214-15 (Pa. 2003) ("An error will be deemed harmless where the appellate court concludes beyond a reasonable doubt that the error could not have contributed to the verdict.").

> Harmless error exists where: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Commonwealth v. Hutchinson*, 811 A.2d 556, 561 (Pa. 2002) (citation omitted).

Instantly, the trial court's admission of Appellant's prior firearm conviction was a harmless error because the properly admitted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict. As stated earlier, the evidence at trial established that Appellant belonged to the 56th Street gang that was engaged in deadly hostilities with the 60th Street gang, to which the Victim and Williams belonged. It was against the backdrop of these active hostilities that Appellant shot the Victim in 2008 at 56th and Walnut Street. Williams, who was a passenger in the car, witnessed the shooting and identified Appellant, who was only three feet away from the driver's side of the car, as the shooter. Williams had known

Appellant since childhood. The admission of Appellant's prior firearm conviction only established that Appellant illegally possessed a firearm two years prior. There was no connection between this possessory conviction and any other crime. As mentioned, the Commonwealth presented overwhelming evidence to the jury identifying Appellant as the shooter in this case and demonstrating that violent confrontations occurred between the two rival gangs, and Appellant's membership in one of them. Based on this overwhelming evidence, the admission of Appellant's prior conviction for illegally possessing a firearm was not so prejudicial such that evidence of this prior conviction could have contributed to the verdict.

In sum, we affirm Appellant's judgment of sentence. We direct that a copy of the trial court's June 30, 2015 Rule 1925(a) opinion be attached to any future filings in this case.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2016

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :    PHILADELPHIA COUNTY

**FILED**    :    CP-51-CR-0016059-2008

v.    :

JUN 3 0 2015    :

**DAOOD QUDOOS**    :

Criminal Appeals Unit
First Judicial District of PA    :

SUPERIOR COURT NO.:
531 EDA 2014

## OPINION

Defendant, Daood Qudoos, files this direct appeal from his April 8, 2013 guilty convictions following a jury trial before this Court. In accordance with the requirements of Pa. R. A. P. 1925, the Court submits the following Opinion. For the reasons set forth herein, this Court's decision should be affirmed.

## I.    FACTUAL BACKGROUND

Defendant, Daood Qudoos ("Defendant"), was arrested on November 4, 2008 and charged with various offenses surrounding the May 26, 2008 shooting of Tariq Hannibal. A jury trial was held on March 25, 2013. At trial, the Commonwealth presented the testimony of Complainant Tariq Hannibal, eye witness Kalim Williams, police officers Dennis Moore, Robert Flade, and Hector Rodriguez, and police detectives John Langan, Donald Liebsch, Daniel Brooks and Matthew Farley. The defense presented the testimony of Anthony Mack and Crystal Bradley. Viewing their testimony in the light most favorable to the Commonwealth as the verdict winner, the following facts were established.

CP-51-CR-0016059-2008 Comm v Qudoos, Daood
Opinion



7313749921

On May 26, 2008, the complainant was at a bowling alley (Lucky Strikes) at 40th and Locust Street in Philadelphia with his friends Kalim Williams and Tonnell Thorpe. N.T. 04/01/2013 at 146. These three individuals were associated with a gang from 60th street in West Philadelphia. Id. at 62. During this time, there was an active gang war between gangs from 56th Street and 60th Street. Id. at 113. On the night of the shooting, a female approached the complainant and his friends and warned them that "some guys" from 56th street were at the bowling alley. Id. at 146. N.T. 03/28/2013 at 4. In an effort to avoid any conflict, the three friends left the bowling alley by car, but they noticed a black car following them down Walnut Street. N.T. 04/01/2013 at 146. The complainant was driving, and attempted to lose the black car by dodging in and out of the two lanes on Walnut Street. Id. at 146. At 56th and Walnut Street, the complainant was forced to stop at a red light, and Defendant stepped out of the black car into the middle of traffic and fired his "black chrome semiautomatic handgun" into the complainant's car and fled. Id. at 148. Mr. Williams noticed that the complainant was shot and not moving and attempted to offer assistance before ultimately running from the scene. Id. at 151-153. The complainant – who survived- was shot in his head and arm and still experiences trouble with his short-term memory, vision, and arm mobility. N.T. 03/28/2013 at 128-131. Mr. Williams later told officers that he observed that Defendant was only three feet away from the driver's side of the car when he fired his gun into the car. N.T. 04/01/2013 at 156-157. During their investigation, detectives recovered sixteen brass casings from the scene of the shooting. N.T. 03/28/2013 at 90.

## II.    PROCEDURAL HISTORY

On April 8, 2013, following an eight day jury trial, Defendant was found guilty of Aggravated Assault (18 Pa.C.S. § 2702), Possession of a Firearm without a License (18 Pa.C.S. § 6106), Carrying a Firearm on Public Streets in Philadelphia (18 Pa.C.S. § 6108), and Possession

2

of an Instrument of a Crime ("PIC") (18 Pa.C.S. § 907(a)). On June 3, 2013, this Court imposed an aggregate sentence of nine and a half (9 ½) to nineteen (19) years. Defendant received a sentence of seven (7) to fourteen (14) years for Aggravated Assault; a consecutive term of two and a half (2½) to five (5) years for Possession of a Firearm without a License; a concurrent term of one (1) to two (2) years for Carrying a Firearm on Public Streets in Philadelphia; and a concurrent term of one (1) to two (2) years for PIC. On February 15, 2013 Defendant filed the instant appeal on the following grounds, listed verbatim below:

1) Whether the trial court erred in admitting evidence of other crimes through hearsay statements provided by Kalim Williams under the guise of establishing motive or providing the complete picture when the evidence was more prejudicial than probative of any material fact or issue in the case, and where none of the criminal activity referred to in the statements of referenced during testimony related specifically to the Defendant.

2) Whether the trial court erred, violating the defendant's U.S. and Pennsylvania constitutional rights to confrontation when it admitted evidence of other crimes which implicated the defendant through statements provided by Kalim Williams under the guise of establishing motive or providing the complete picture whether the evidence was more prejudicial than probative of any material fact or issue in the case.

3) Whether the trial court erred, in violation of the confrontation clause, by limiting the defendant's ability to cross examine the Commonwealth witness regarding instances he possessed firearms, and his firearms convictions, and any sentences and or/probations he has served or was serving for a firearm offense

4) Whether the trial court erred in admitting evidence of defendant's prior conviction for a weapons offense for an arrest in 2006 where the gun was confiscated and presumably destroyed after the conviction, and where the alleged prior offense occurred more than two years prior to the current offense

5) Whether the trial court erred in violation of the 6th Amendment by failing to permit cross examination of the Commonwealth's eyewitness regarding his convictions and possessions of firearms close in time to the alleged shooting in the current instance and particularly where the facts of the case indicate that the witness may have possessed a weapon during the incident.

6) Whether the evidence was sufficient to convict the defendant where the only evidence of the alleged offense came from a tainted source that lack credibility where his first statement to police occurred 5-6 months after the incident, where has was involved in other shooting incidents, where he had been convicted on multiple occasions of firearm offenses, where the witness had consistently testified during and since the preliminary hearing that the defendant did not commit the offense, and where the physical evidence at the trial conflicted with his testimony regarding how the offense occurred?

3

7) Whether the trial court erred in permitting the jury to review the statements of Kalim Williams during jury deliberations where the statements contained highly prejudicial statements unrelated to the offense for which the defendant is on trial, specifically where the defendant was not named as an offender or potential offender in the unrelated events testified during the trial.

See Statement of Errors Complained of on Appeal ("Statement of Errors").

## III.   DISCUSSION

**A.  Dismissal Based on Defendant's Inadequate Statement of Errors**

Defendant's Statement of Errors is wholly inadequate and will render meaningful appellate review impossible and therefore should be dismissed pursuant to Pa. R. App. P. 1925 and 2116(a) for being neither brief, clear nor concise.  A Statement of Errors must conform in material respects with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *See* Pa. R. App. P. 1925; Pa. R. App. P. 2116.  Pa. R. App. P. 1925(b)(4)(ii) and (iv) require that the statement "concisely identify each ruling or error that the appellant intends to challenge" without being "redundant or provid[ing] lengthy explanations as to any error".  Pa. R. App. P. 2116(a) plainly states that it "is to be considered in the highest degree mandatory" that the errors alleged be stated in the "briefest and most general terms ... should not exceed 15 lines, [and] must never exceed one page".  When appellate filings contain substantial defects, it may preclude appellate review, leading to dismissal. *Karn v. Quick & Reilly*, 912 A.2d 329 (Pa. Super. Ct., 2006).

Defendant's Statement of Errors consists of seven lengthy explanations listed in confusing and redundant paragraphs and exceeds forty lines of text as a three page, mostly single spaced document.  Accordingly, the statement fails to adhere to the applicable Pennsylvania Appellate Rules of Procedure and, for that reason, Defendant's appeal should be dismissed.  For the limited

4

purpose of writing this opinion, this Court summarizes the possible errors alleged by Defendant as follows:

1. *The admissibility of evidence of defendant's other crimes and convictions* (original errors 1, 2 and 4);

2. *Limitations on defendant's cross examination of Commonwealth witnesses* (original errors 3 and 5);

3. *Insufficiency of the Evidence* (original error 6); *and*

4. *Impermissible jury review of trial materials* (original error 7).

## B. Trial Court Properly Admitted Evidence of Defendant's Prior Bad Acts

Defendant's original errors 1, 2 and 4 take issue with the admission of evidence relating to Defendant's prior crimes and convictions. *See* Statement of Errors. This claim is without merit. "The admission of evidence is a matter vested within the sound discretion of a trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion." Commonwealth v. Reid, 811 A.2d 530, 550 (2002). "An abuse of discretion is not merely an error in judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence of record, discretion is abused." Commonwealth v. Causey, 833 A.2d 165, 178-179 (2003).

These prior crimes and convictions (bad acts) are within the admissibility standards proscribed by the Pennsylvania Rules of Evidence, and accordingly, this court did not err. *See* Pa. R. E. 401. The general rule states that the admission of evidence of prior crimes and convictions of the accused is prohibited. However, these prior bad acts may be introduced under the following five exceptions:

5

to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design; or (5) to establish the identity of the person charged with the commission of the crime on trial. Commonwealth v. Ramos, 366 Pa. Super 624, 628 (1987); *See* Pa. R. E. 401.

Evidence of prior bad acts may be admitted only upon a showing that the probative value outweighs its potential for prejudice. Pa. R. E. 404(b)(3).

*1. Motive*

In the instant case, this court properly allowed the Commonwealth to introduce Kalim Williams' May 16, 2008 statements to police merely to show Defendant's motive and provide the complete story and background. N.T. 03/28/2013 at 6. This was permissible pursuant to Pa.R.E. 401, and accordingly, this court did not err. In Commonwealth v. Gwaltney, 497 Pa. 505 (1982), appellant was convicted by a jury of third degree murder and criminal conspiracy. Appellant took issue with evidence of gang activity-membership, rivalries and resultant injuries-that was introduced by the Commonwealth. The Commonwealth intended to use this evidence to prove motive, intent, plan, design, ill will or malice which are all relevant and permissible under the criminal rules of evidence. Id. Further, the evidence was probative of appellant's possible *motive.* Id. The Court held that the trial court had properly admitted this evidence. Id.

In Commonwealth v. Ramos, 366 Pa.Super. 624 (1987), the court allowed three witnesses to testify regarding the Commonwealth assertion that appellant murdered a competing rival drug dealer. Id. at 627. The victim's sister testified that her brother engaged in the distribution of narcotics and that she had witnessed a physical altercation between appellant and her brother. Id. A friend of the victim also described an incident in which the appellant and three other males had shot at the victim. Id. Finally, a Philadelphia police officer that conducted narcotics investigations in the area of the incident described appellant's movements during that

6

shooting. Id. His testimony also characterized appellant's activities as a drug operation and stated that the victim was a small-time drug dealer within the same area. Id. Appellant objected to the abovementioned testimony on the grounds that its introduction was a violation of the general rule against the introduction of prior criminal activities. Id. at 628. The Court ruled that the evidence had been properly admitted because evidence of appellant's drug dealing activities directly established his motive for the murder. Moreover, the prior incidents that had taken place between the parties established both intent and motive. Id.

In the instant case, this court allowed the statements of eyewitness Kalim Williams to be admitted into evidence since they demonstrated the defendant's motive in shooting the complainant as part of a gang war between 56th and 60th street gangs. However, while permitting this evidence to be introduced, the Court also included a limiting instruction to the jury regarding its weight. Id. at 6. The evidence was not used for the truth of the matter asserted, but instead used to demonstrate why Defendant shot the complainant at the corner of 56th and Walnut. The facts in this case are analogous to those found in Gwaltney. The Commonwealth in both cases introduced evidence of rival groups and that appellant/defendant and victim were from opposite factions. Just as the Gwaltney court held that the evidence was probative of motive and therefore admissible, so too was it appropriate for this court to admit prior bad acts evidence in this manner. The evidence provided a concrete reason for why the shooting between defendant and complainant took place. This is also consistent with the court in Ramos who found that the previous activities of appellant were instrumental in establishing motive and intent. There was no abuse of discretion by the trial court in permitting the admission of defendant's prior bad acts pursuant to the applicable rules of evidence.

7

## 2. *Defendant's Prior Firearms Conviction was Relevant*

The court properly admitted evidence of Defendant's prior conviction for a firearms offense because it was relevant to the immediate issues in this case. Relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Pa.R.E. 401. The probative value must also outweigh any potential for prejudice. Id. "Because all relevant Commonwealth evidence is meant to prejudice a defendant, exclusion is limited to evidence so prejudicial that it would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case." Commonwealth v. Serge, 837 A.2d 1255, 1260-61 (Pa. Super. 2003). Evidence of Defendant's prior conviction for firearms offenses was relevant as it made the existence of a fact at issue more as less probable.

In Broaster, the Court admitted a gun into evidence, with a limiting instruction, to show that the defendant had access and knowledge of a particular type of firearm. Commonwealth v. Broaster, 863 A.2d 588, 593 (Pa. Super 2004). In the instant case, Defendant's prior conviction is relevant since it was only two years prior to the current shooting, and Defendant had been arrested on the corner of 56th and Walnut, the same corner where the Complainant was shot. · N.T. 03/27/2013 at 12; N.T. 03/28/2013 at 5. When Defendant was arrested previously on April 7, 2006, Police Officer Hector Rodriguez recovered a .45 caliber handgun with one round in the chamber and five rounds in the magazine. N.T. 04/02/2013. At 179. This handgun is very similar to the "black chrome semiautomatic handgun" that Kalim Williams described in his statements to police after the shooting of the complainant. N.T. 04/01/2013 at 148. This recent conviction was admitted to demonstrate that Defendant had access to same type of guns, in the same exact area where the Complainant was shot. N.T. 03/28/2013 at 5. The court did not abuse

8

its discretion is permitting the admission of this relevant evidence and the convictions should be affirmed.

## C. Defendant's Cross Examination of Commonwealth Witnesses Was Not Unfairly Limited.

The defendant asserts that the trial court erred in limiting his ability to cross-examine Commonwealth witness Kalim Williams about his firearm offenses, convictions and/or sentences. When addressing permissible cross-examination of a witness, "a witness may be examined about prior criminal convictions due to the possibility that the witness may be guilty of the crime in question and motivated to deflect blame from him." Commonwealth v. Bozyk, 987 A.2d 753, 757 (2009). Similarly, "a witness may be questioned about pending criminal charges because the witness may be tempted to help convict the defendant in order to obtain leniency on the charges that he currently faces." Id. Thus, "whenever a prosecution witness may be biased in favor of the prosecution because of outstanding criminal charges or because of any non-final criminal disposition against him within the same jurisdiction, that possible bias, in fairness, must be made known to the jury." Commonwealth v. Evans, 511 Pa. 214, 224 (1986).

In the instant case, cross examination of the witness, Kalim Williams', prior criminal history was improper because there was no evidence provided pointing to the possibility that he may have been guilty of the crime in question and attempting to deflect blame as detailed in Bozyk. There was no evidence indicating that Kalim Williams was involved in firing a weapon during the incident in question. The evidence actually suggested that Defendant was in fact a target as the vehicle that he was traveling in was shot at a total of 16 times. N.T. 4/2/2013 at 36. These facts, coupled with the permissible grounds for cross-examining a witness about prior convictions as stated in Bozyk show that the trial court did not err in limiting defendant's cross-

9

examination of Mr. Williams. Any testimony elicited from Mr. Williams regarding his prior convictions would have been irrelevant and overly prejudicial; and, was thus correctly excluded by the trial court.

Additionally, the threat of witness testimony based on bias or self-interest in exchange for favored treatment was not present in this case. Nonetheless, on direct examination Mr. Williams was directly asked whether he had any bias towards the Commonwealth. Specifically, whether he had testified in a certain way in exchange for a plea deal. N.T. 4/1/2013 at 60. Mr. Williams unequivocally responded that no promises had been made to him by the Commonwealth. Id. Mr. Williams' previous and/or pending sentences were made known to the jury although they had no bearing on a material fact of this case. The trial court did not abuse its discretion or err in limiting Defendant's ability to cross examine Mr. Williams about any prior or pending sentences.

### D. Sufficiency of Evidence Claim

Defendant argues that the evidence was insufficient to convict on all charges, but this insufficiency challenge lacks merit. See Statement of Errors at 6. When reviewing a challenge to the sufficiency of the evidence, the Court must determine whether the evidence at trial, viewed in the light most favorable to the verdict winner, was sufficient to enable the fact-finder to find every element beyond a reasonable doubt. Commonwealth v. DiStefano, 782 A.2d 574, 582 (Pa. Super. 2001). In applying this test, the Court may not weigh the evidence and substitute its own judgment in place of the judgment of the fact-finder. Id. The fact-finder, while passing judgment upon the credibility of the witnesses and weight of the evidence produced, is "free to believe all, part, of none of the evidence." Id. The Commonwealth may sustain its burden by

10

means of wholly circumstantial evidence. Id. "If the record contains support for the verdict, it may not be disturbed." Commonwealth v. Adams, 882 A.2d 496, 499 (Pa. Super. 2005).

### 1. Aggravated Assault

The evidence at trial was sufficient to enable the jury to find Defendant guilty of aggravated assault. A person is guilty of aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." 18 Pa.C.S. § 2702(a)(4). "Serious bodily injury" is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. Whether the evidence is legally sufficient to establish intent to cause serious bodily injury is determined on a case-by-case basis, and turns on the totality of the circumstances. Commonwealth v. Matthew, 909 A.2d 1254, 1257 (Pa. 2006).

Evidence of statements made by eye witnesses to detectives were properly introduced to the jury at trial. Witness statements indicated that Defendant shot into the complainant's car when it was stopped at the intersection of 56th and Walnut. N.T. 04/01/2013 at 151-160. Kalim Williams even told detectives that Defendant was only three feet away from driver's side of the car when he fired the shots that struck the complainant in the head and arm. Id. at 156-157. The jury, as fact-finders, were able to judge the credibility of Mr. Williams and they were free to believe "all, part, or none" of his testimony. After weighing his testimony against his prior statements to the police, the jury rightfully determined that this evidence was sufficient to establish that the defendant had intentionally or knowingly caused bodily injury to the complainant when he shot him in the head and arm with a deadly weapon, and serious injury

11

resulted. Therefore. Defendant's attempt to challenge the sufficiency of the aggravated assault conviction is without merit and this Court did not err.

### 2. PIC

The evidence at trial was also sufficient to enable the jury to find the defendant guilty of PIC. A person is guilty of PIC if he "possesses a firearm or other weapon" with "intent to employ it criminally." 18 Pa.C.S. § 907(b). The term firearm is defined as any weapon that is "designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon." 18 Pa.C.S. § 6105(i). As the evidence established above, Defendant shot into the complainant's car with a "black chrome semiautomatic handgun", striking the complainant in the head and arm. N.T. 04/01/2013 at 148. A "black chrome semiautomatic handgun" would be classified as the type of firearm prohibited by the statute. Defendant's actions demonstrated his intent to employ the firearm criminally - to commit an aggravated assault. Therefore, there was sufficient evidence for the jury to find the defendant guilty of PIC and this Court did not err.

### 3. Possession of a Firearm without a License

The evidence at trial was also sufficient to sustain a conviction for possession of a firearm without a license. A person is guilty of this offense if he carries a firearm without a valid license. Pa.C.S. § 6106(a). At the appropriate time at trial, the jury was informed that the defendant could not obtain a valid license due to a prior conviction. Based on this evidence offered at trial surrounding the shooting, there was sufficient evidence for the jury to find Defendant guilty of possession of a firearm without a license, and this Court did not err.

12

*4. Carrying a Firearm on Public Streets in Philadelphia*

The evidence at trial was also sufficient to for the jury to find Defendant guilty of carrying a firearm on public streets in Philadelphia. Under § 6108, no person shall carry a firearm on the public streets of Philadelphia unless he is licensed to carry that firearm. 18 Pa.C.S. § 6108. Based on the facts and evidence offered at trial surrounding the shooting – the defendant being on a public street; possession and firing a firearm - there was sufficient evidence for the jury to find the defendant guilty of carrying a firearm on public streets in Philadelphia. Accordingly, this court did not err.

## E. All Exhibits Offered to the Jury During Deliberations Were Proper

Defendant next alleges that the trial court erred in permitting the jury to review the statements of Mr. Williams during jury deliberations. Pursuant to Pa. R. Crim. P. 646(A) "upon retiring, the jury may take with it such exhibits as the trial judge deems proper, except as provided in paragraph (C)." Subsection (C) provides that "during deliberations, the jury shall not be permitted to have: (1) a transcript of any trial testimony; (2) a copy of any written or otherwise recorded confession by the defendant; (3) a copy of the information or indictment; and (4) except as provided in paragraph (B), written jury instructions." Pa. R. Cr. P.646(C). "A trial court's decision as to which exhibits may be taken out with the jury is within the sound discretion of the trial court and will not be reversed absent an *abuse* of discretion." Commonwealth v. Hawkins, 549 Pa. 352, 393, 701 A.2d 492, 512 (1997).

The statements in question do not fall within the limitations set out in Pa. R. Crim. P.646(C). Therefore, publication to the jury was purely within the discretion of the trial court. Thus, as per the abovementioned standard, the decision cannot be overturned unless an abuse of discretion is established. The courts in Pennsylvania have allowed a number of items to be

13

provided to the jury during deliberations. In <u>Commonwealth v. Sparks</u>, 351 Pa.Super. 320, 505 A.2d 1002, 1006 (1986). Witness statements are typically provided to juries during their deliberations.

In cases where reversible error has been found, the prejudicial effect of the evidence has been evident. In <u>Commonwealth v. Bricker</u>, 525 Pa. 362, 581 A.2d 147 (1990), in appellant was convicted of first-degree murder and sentenced to death after the trial court provided the jury with written plea agreements made by two key witnesses in the case. <u>Bricker</u>, 581 A.2d at 377. In holding that the trial courts actions were improper, the Supreme Court stated that it was "beyond question that permitting the prosecution to send these documents out with the jury during deliberations impermissibly bolstered the credibility of [the witnesses]. In so bolstering their credibility, the court violated the defendant's right to a fair trial." <u>Id</u>. Furthermore, the court reasoned that by having the plea agreements before them, the jurors could draw an inference that appellant was given a similar opportunity as the witnesses to cooperate but chose to remain silent. <u>Id</u>. at 378.

In the instant case, the statements provided to the deliberating jury were admissible. They provided a complete story and background to the events that led to the shooting. N.T. 3/25/2013 at 4. This evidence showed a sequence of events, was relevant, and its probative value outweighed any undue prejudice. <u>Id</u>. It can, therefore, be concluded that this court did not

14

err in permitting the jury to review the statements of Mr. Williams during deliberations.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant's convictions should be affirmed.

BY THE COURT:

Lisette Shirdan-Harris, J.

15