J-S35022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AZIM ROBINSON | : | |
| | : | |
| Appellant | : | No. 1862 MDA 2017 |

Appeal from the Judgment of Sentence November 27, 2017
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001863-2016

BEFORE: BENDER, P.J.E., PANELLA, J., and MURRAY, J.

MEMORANDUM BY PANELLA, J.        **FILED: NOVEMBER 9, 2018**

A jury convicted Azim Robinson of multiple crimes arising from his participation in a conspiracy to distribute cocaine and heroin. He argues: 1) the trial court erred by failing to grant a mistrial after a Commonwealth witness testified that Robinson had "recently come home from state prison;" 2) the trial court erred by instructing the jury Robinson could be found guilty of conspiring with people who were not named in the grand jury presentment; 3) the trial court erred by allowing the Commonwealth to present evidence of the guilty pleas entered by Robinson's co-defendants; and 4) the evidence was insufficient to support ten of his convictions. We affirm.

We start by addressing Robinson's claim that the evidence at trial was insufficient to support his convictions. As a preliminary matter, we must determine whether Robinson has preserved his sufficiency claims for our

review. Through his appellate brief, Robinson challenges the sufficiency of the evidence for ten separate convictions. *See* Appellant's Brief, at 9. For some counts, he asserts the Commonwealth failed to prove that he possessed a controlled substance. *See id*., at 38. On others, he claims the Commonwealth failed to prove he was the person involved in an illegal transaction. *See id*., at 40, 44. In yet others, he claims the Commonwealth charged him with multiple crimes based upon a single transaction. *See id*., at 42. However, he failed to preserve any of these arguments in his court-ordered Rule 1925(b) statement.

We have previously outlined the requirements necessary to preserve a sufficiency of the evidence argument on appeal. In *Commonwealth v. Williams*, 959 A.2d 1252 (Pa. Super. 2008), we found that an appellant waived his claim there was insufficient evidence to sustain murder, robbery, and related charges. In explaining our rationale for finding that appellant waived this claim, we stated:

> [i]f [an a]ppellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. The instant 1925(b) statement simply does not specify the allegedly unproven elements. Therefore, the sufficiency issue is waived.
>
> Before leaving this issue, we note that the Commonwealth failed to object to the aforementioned defect in the 1925(b) statement. We also see that the trial court's opinion addressed the topic of sufficiency. The Commonwealth's failure and the presence of a trial court opinion are of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in

a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim. [**See Commonwealth v.**] **Castillo**, 888 A.2d [775,] 779,780; **Commonwealth v. Butler**, 812 A.2d 631, 634 ([Pa.] 2002). Thus, we find 1925(b) waiver where appropriate despite the lack of objection by an appellee and despite the presence of a trial court opinion. **Castillo**, 888 A.2d at 779, 780; **Butler**, 812 A.2d at 634.

**Id**., at 1257 (emphasis and citation omitted).

Here, in his Rule 1925(b) statement, Robinson claimed "the evidence at trial was insufficient to sustain the verdicts for Delivery/Possession With Intent to Deliver at Counts 1-2, 4-7, and 14-15, 16 and 18." Appellant's Concise Statement of Matters Complained of on Appeal, 12/20/17, at ¶ IV. Each of the aforementioned counts involved multiple elements. It is clear that Robinson completely failed to identify the element or elements that he alleges the Commonwealth failed to sufficiently prove. **See Williams**, 959 A.2d at 1257. Even the trial court could not divine the basis of Robinson's objections. **See** Rule 1925(a) Response, 1/3/18, at ¶ IV. Thus, we find that Robinsons's failure to properly identify the nature of his challenges in his Rule 1925(b) statement has resulted in a waiver of his sufficiency arguments.

Next, Robinson argues the court erred in failing to grant a mistrial when a Commonwealth witness testified that Robinson had been released from state prison. We review the denial of a motion for a mistrial for a "flagrant abuse of discretion." **Commonwealth v. Bracey**, 831 A.2d 678, 682 (Pa. Super. 2003) (citations omitted). The grant of a mistrial is considered an extreme remedy.

**See id**. A court should therefore only grant a mistrial when it is the only way to ensure the defendant receives a fair trial. **See id**.

Testimony indicating a defendant was incarcerated for a prior crime "denies the accused of a fair trial" and generally requires the grant of a mistrial. **Commonwealth v. Washington**, 411 A.2d 490, 492 (Pa. 1979) (citations omitted). However, a court should not grant a mistrial without considering the ability of curative instructions to remedy the problem. **See Bracey**, 831 A.2d at 682. "The circumstances which the court must consider include whether the improper remark was intentionally elicited by the Commonwealth, whether the answer was responsive to the question posed, whether the Commonwealth exploited the reference, and whether the curative instruction was appropriate." **Id**. (citations omitted).

Here, the Commonwealth presented the testimony of Jeffrey Ford, one of Robinson's alleged co-conspirators. After establishing that Ford trafficked in heroin with the help of Robinson, the Commonwealth asked him, "[h]ow did you meet him?" N.T., Jury Trial, 10/31/17, at 185. Ford responded, "I want to say a friend but a person that I knew in the drug world. I was speaking to him. I had gotten ripped off on a transaction and he said he had a friend from Philly who recently come [sic] home from state prison and he was –." **Id**., at 185-186. Defense counsel objected and requested a mistrial. **See id**., at 186.

The parties had agreed prior to trial to preclude any evidence of Robinson's criminal history. **See id**. (prosecutor indicating he directed his witness to not discuss Robinson's prior criminal activity). A short hearing was

- 4 -

held outside the presence of the jury, and the court ultimately denied the motion for a mistrial. Instead, the court gave a curative instruction.

Robinson contends the mention of his prior prison sentence inevitably denied him a fair trial. The Commonwealth asserts that Ford's explicit testimony was ambiguous, as it believes it is unclear that Robinson was the person who had been released from state prison. However, we note that defense counsel concisely argued that, from context, it was clear Robinson was the person from Philadelphia returning from a prison sentence. **See id**., at 190-191. After hearing defense counsel's rebuttal, the prosecutor requested a curative instruction. **See id**., at 191.

We agree with the Commonwealth that the curative instruction was appropriate under these circumstances. The Commonwealth's question to Ford is not one that clearly would lead Ford to reference Robinson's criminal history. Furthermore, Ford admitted the prosecutor had directed him to not mention Robinson's criminal history. **See id**., at 188. And Robinson does not point to any attempt by the Commonwealth to exploit the testimony.

After the jury returned, the court instructed:

> Members of the jury, right before we took the break there was some comment made by Mr. Ford, the witness, testifying about state prison. There is absolutely no evidence to suggest that anybody was in state prison. Any suggestion that the defendant was the person in state prison could not be made in this case and you ought not to make it. Even if the defendant or any defendant has committed a previous offense, that would have nothing to do with a current offense and you could not in any way use that evidence in making determination of the guilt or innocence of any defendant based upon something that happened in the past

unrelated to this particular trial. So to the extent that anything you might have heard might have suggested to you anything involving this defendant, put it out of your minds and you may not consider it in your deliberations in this case.

*Id*., at 192-193. This instruction was appropriate, and capably protected Robinson from any taint caused by Ford's reference to state prison. **See Commonwealth v. Sattazahn**, 631 A.2d 597, 608 (Pa. Super. 1993). Given all the circumstances at play, the court did not abuse its discretion when it denied Robinson's motion for a mistrial. Robinson is therefore due no relief on this claim.

Robinson next argues the court erred when it instructed the jury regarding the crime of conspiracy. We review jury instructions as a whole for their adequacy. **See Commonwealth v. Baker**, 963 A.2d 495, 507 (Pa. Super. 2008). A jury charge is adequate so long as it does not clearly mislead the jury or omit a fundamental point. **See id**.

Robinson objects to a single sentence in the court's instruction: "I would again repeat that the Commonwealth's position is that the defendant is guilty because he is either an accomplice or there is a conspiracy between the defendant and various individuals who testified before you." N.T., Jury Trial, 11/1/17, at 156. He argues this sentence improperly expanded the scope of his liability beyond the offenses for which he was on trial. **See** Appellant's Brief, at 31. He believes this instruction confused the jury as to whom he was allegedly conspiring with. He does not argue that any of the court's specific instructions regarding the crime of conspiracy were wrong.

- 6 -

We conclude Robinson has not met his burden. The single sentence identified by Robinson explicitly confines itself to a summary of the Commonwealth's argument. The court instructed the jury that the Commonwealth bore the burden of proving Robinson guilty of every element of every crime beyond a reasonable doubt. **See** N.T., Jury Trial, 11/1/17, at 145. Also, the court informed the jury that the Commonwealth's arguments were not evidence, and they should make their decision only upon their own application of the law to the evidence. **See id**., at 150. Finally, Robinson does not identify any error with the court's instruction defining conspiracy for the jury. Under these circumstances, we cannot conclude the jury charge clearly misled the jury. Robinson is due no relief on this claim.

In his final issue, Robinson contends the court erred in permitting the Commonwealth to elicit testimony that Robinson's co-defendants had pled guilty. He specifically identifies Robert Carlin's testimony as problematic. Carlin testified he had pled guilty to conspiring with Robinson to deliver controlled substances. Robinson moved, pre-trial, for the exclusion of such testimony. His motion was denied.

He correctly notes this Court has long held it to be error where the court allows introduction of "a co-defendant's plea without a cautionary instruction." **Commonwealth v. Boyer**, 856 A.2d 149, 155 (Pa. Super. 2004) (citation omitted). And he correctly observes the court did not provide a cautionary instruction here.

The court, in its scant, three-sentence response to this issue, opines that appellate authority does not forbid a witness "actually testifying at trial" from being asked about "the status of related charges against him." Rule 1925(a) Response, 1/3/18, at ¶ III. The court does not cite to or discuss this appellate authority. Similarly, the Commonwealth's one page argument on the issue claims an instruction was not necessary as the "Commonwealth witness at issue was not on trial." Appellee's Brief, at 20. The Commonwealth provides no authority for this argument.

We agree with Robinson that a cautionary instruction was required. **See Boyer**, 856 A.2d at 155 (finding evidence of co-defendant's pre-trial guilty plea required cautionary instructions). However, we also agree with the court and the Commonwealth that this error was harmless. "The doctrine of harmless error is … designed to advance judicial economy by obviating the necessity for a retrial where the appellate court is convinced that a trial error was harmless beyond a reasonable doubt." **Commonwealth v. Thornton**, 431 A.2d 248, 251 (Pa. 1981). "The harmless error doctrine, as adopted in Pennsylvania, reflects the reality that the accused is entitled to a fair trial, not a perfect trial. Harmless error exists if the record demonstrates, *inter alia,* that the error did not prejudice the defendant or the prejudice was *de minimis.*" **Commonwealth v. Gonzalez**, 109 A.3d 711, 731 (Pa. Super. 2015) (citation and internal quotation marks omitted).

The Commonwealth presented overwhelming evidence of Robinson's involvement in a criminal enterprise designed to traffic narcotics. It presented evidence of multiple controlled buys, eyewitness testimony from customers and co-conspirators, as well as evidence obtained from Robinson's phone. Also, Robinson was able to use Carlin's testimony to attack Carlin's credibility:

> To their credit, some of the [Confidential Informants] when I pressed them on cross-examination said yeah, you know what, I wouldn't be here if I wasn't in trouble. Rob Carlin cut right to the chase and admitted that his sentencing date is set for after this trial to see how this one plays out. Needs to know whether he is getting any consideration.
>
> …
>
> Are you going to accept what these [Confidential Informants] said. Were they being truthful now or at any time throughout the investigation? Or are they going to say what they think the Commonwealth wanted to hear so they can get the maximum benefit on their own charges or their own issues they have going on so they can avoid a consequence?

N.T., Jury Trial, 11/1/17, at 127. Under these circumstances, we cannot conclude that the failure to provide a cautionary instruction regarding Carlin's guilty plea contributed significantly to the jury's verdict. Any prejudice he suffered was *de minimus*. Robinson's final issue on appeal merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2018